MATTHEW H. LOVE *v.* L. H. MOODY.

Tampering with a juror, during the progress of a trial, by any one, is a sufficient reason for setting aside the verdict.

CIVIL ACTION, for the recovery of a tract of land, brought to the Superior Court of Haywood county, Spring Term, 1871, and removed on the affidavit of the defendant, to the Superior Court of TRANSYLVANIA, where it was tried before *Cloud, J.,* at Fall Term, 1871.

The trial in the Court below commenced on Tuesday and continued until late the ensuing Saturday night—the jury

being allowed to separate at the adjournments of the Court, upon receiving the usual charge, not to talk with any one concerning the subject of the trial, nor allow any one to speak to them thereof, nor converse about the same with each other. These instructions were repeated more than once during the week. At 10 o'clock, Saturday night, the jury came into Court and asked for further instructions, which were given by his Honor, when they again retired and soon returned with a verdict in favor of the defendant.

On the succeeding Monday morning, the plaintiff moved for a new trial, founding his motion upon affidavit, in which he states that he is informed that one F. J. Whitmire, an attorney of the Court, had, during the trial, spoken to one of the jury in regard to the case and had advised him thereon; and also stating that he had discovered other and material evidence in the cause. The case states, " that the Court not being satisfied with the affidavit of Whitmire, the attorney, and of Brooks, the juror," (both of which were presented by defendant in reply to the motion for a new trial,) caused them to be sworn, and proceeded to examine them orally touching the matter.

His Honor after the examination, set the verdict aside and granted a new trial, referring to what took place between Whitmire and the juror. In making up the case, his Honor could not say that he was influenced in any manner by the affidavit suggesting newly discovered testimony.

From the judgment of the Court, setting aside the verdict and granting a new trial, the defendant appealed.

*D. Coleman,* for appellant.
*Bailey* and *Battle & Sons,* contra.

READE, J. The record proper sets forth that there was a verdict for the defendant. And then, " Rule for new trial. Rule made absolute. New trial granted." So that, from

the record, it does not appear for what cause, a new trial was granted.

The "case" for this Court sets forth, that "the plaintiff moved for a new trial on two affidavits, copies of which are hereunto appended marked A and B." And the defendant also offered affidavits which are appended. But it is not found by his Honor what facts are established by the affidavits. There was no use in sending up the affidavits. If any facts were to be found from them, his Honor below ought to have found them. This Court does not try facts nor review them, as a general rule, but only "matters of law or legal inference." And so the defendant's counsel insisted that as the record set forth no facts, and the Judge found no facts, and this Court can not find the facts from the affidavits, no facts appear at all. And therefore, the only question for consideration is, whether the Judge below can arbitrarily, that is to say, without giving any reason at all, set aside a verdict and grant a new trial; or, whether he must not find the facts and state the reasons upon which he acts, so that this Court may review, not his facts, but his reasons—his law or legal inference. It is an interesting question, and important in practice; and, therefore, we would declare our opinion if we were unanimous, although we do not think it necessary in this case. But the members of the Court are not all of the same opinion, and, therefore, we pretermit the decision of the question, and throw it out for the consideration of the profession. We are not obliged to decide it in this case, because we collect from the whole case, that his Honor set aside the verdict and granted a new trial because he found that the jury had been tampered with during the trial. And this is, very clearly, a sufficient reason for setting aside a verdict. The case states, that "the Court not being satisfied with the affidavits of Whitmire, the attorney, and Brooks, the juror, caused them to be sworn before him, and proceeded to ex-

amine them orally touching the said matter. Whitmire, in answer to the questions asked him, said he did not remember whether or not he read from " Battle's Digest" to Brooks. And Brooks replied to questions asked him, " that he did not remember whether Whitmire read him any law from the book." And then the case sets forth that his Honor set aside the verdict because of " what took place between Whitmire and Brooks." And although we cannot refer to the affidavits for the purpose of finding disputed facts, yet we may refer to them to see what was their subject matter, and that we find to be the alleged tampering with the juror, Brooks, by the attorney, Whitmire. And therefore, we take it, that his Honor found the fact that the juror had been tampered with ; and then he concluded that as a matter of law, he had the right to set aside the verdict. And in that we agree with his Honor.

There is no error.

This will be certified.

PER CURIAM.                           Judgment affirmed.