in delivering the opinion of the Court, said: "Perhaps it would have been well, had his Honor, in his discretion, set aside the verdict and given a new trial, as a rebuke to the jury, and an assertion of the principle that trials must not only be fair, but above suspicion.
"This, however, was a matter of discretion, which we have no right to reverse. Our enquiry is, was the misconduct and irregularity such as to vitiate the verdict, to make it in law null and void and no verdict?
"In the consideration of this question we have had occasion to reviewState v. Miller, 18 N.C. 500, and it seems to us that the decisions of the Court and the distinction between cause for a new trial, which is a matter of discretion, and cause for a mistrial, which is a matter of law, is fully sustained by authority and by reason. * * * * *
"We wish not to be understood as disclaiming a right to grant a *Page 390 venire de novo, when it is made to appear on the record that there has not been a fair trial; on the contrary, we assert that right, whether it is to be exercised for or against the prisoner. We take this plain position: If the circumstances are such as merely put suspicion on the verdict, by showing, not that there was, but that there might (481) have been undue influence brought to bear on the jury, because there was opportunity and a chance for it, it is a matter within the discretion of the presiding Judge. But it the fact be that undue influence was brought to bear on the jury, as if they were fed at the charge of the prosecutor or prisoner, or if they be solicited and advised how their verdict should be, or if they have other evidence than that which was offered on the trial, in all such cases there has, in contemplation of law, been no trial; and this Court will, as a matter of law, direct a trial to be had, whether the former proceeding purports to have acquitted or convicted the prisoner."
If, therefore, two decisions of this Court, after full argument and mature consideration, can settle this question, it must be considered at rest in this State.
In the last case, the dividing line between matter of discretion which this Court cannot revise, and matter of law, which it can review, is as clearly and distinctly drawn as the nature of such cases will permit, and sufficiently so for all practical purposes.
That line of distinction is, that to vitiate and avoid a verdict, it must appear upon the record that undue influence was brought to bear on the jury. All other circumstances of suspicion address themselves exclusively to the discretion of the presiding Judge, in granting or refusing a new trial. He is clothed with this power because of his learning and integrity, and of the superior knowledge which his presence at and participation in the trial gives him over any other forum. However great and responsible this power, the law intends that the Judge will exercise it to further the ends of justice, and though doubtless, it is occasionally abused, it would be difficult to fix upon a safer tribunal for the exercise of this discretionary power, which must be lodged somewhere.
Our case is favorably distinguished from the cases of Miller andTilghman, in that, there new trials were refused and the prisoners were executed, while here a new trial was granted, and the only (482) inconvenience seen is the trivial one of a short postponement of the case. If the defendant has merits, he need not fear a second trial, if he has none, the new trial is granted in the interests of justice.
By C. C. P., sec. 299, an appeal is allowed as well from an order granting as refusing a new trial, but in either case, the matter appealed *Page 391 
from must be "of law or legal inference." Heretofore it has been the practice of Superior Courts, in granting new trials, not to put upon record the facts or reasons moving them thereto, and we know of no rule of law requiring it to be done. But now, to give parties the benefit of the above section of the Code, the Courts should, and no doubt will, on exceptions taken by the parties aggrieved, put upon the record the matters inducing the order granting as well as refusing a new trial. The appellate Court can thus see whether the order presents a matter of law which is the subject of review, or matter of discretion, which is not. In this way only, it is conceived, can the full benefit of that provision of the Code be secured to suitors. However, no difficulty of that kind arises here, for the facts upon which the new trial is granted appear upon the record, and it thereby plainly appears that the Judge exercised a discretionary power only, which this Court cannot revise, and if it could, would say was property exercised in this case. Bank v. Tiddy, 67 N.C. 169; Love v. Moody, 68 N.C. 200;Vest v. Cooper, 68 N.C. 131.
PER CURIAM. Judgment affirmed.
S. v. Durham, 72 N.C. 448; Johnson v. Bell, 74 N.C. 357; Gorham v.Bellamy, 82 N.C. 499; Gay v. Nash, 84 N.C. 335; Thomas v. Myers, 87 N.C. 33;Carson v. Dellinger, 90 N.C. 229; Braid v. Lukins, 95 N.C. 125;Knowles v. R R 102 N.C. 65; Stokes v. Taylor, 104 N.C. 397; Fulps v.Mack, 108 N.C. 605; Bird v. Bradburn, 131 N.C. 490; Wilson v. Brown,134 N.C. 407; Abernethy v. Yount, 138 N.C. 340; Billings v. Observer Co.,150 N.C. 543; Lewis v. Fountain, 168 N.C. 279; Settee v. Electric Ry170 N.C. 368; Goodman v. Goodman, 201 N.C. 811; Leach v. Page,211 N.C. 626; Baker v. Baker, 230 N.C. 110.