STATE v. BENJAMIN SMALLWOOD.

*Practice—Argument of Counsel—Misconduct of Jury—Mistake of Jury.*

1. On the trial of a case in the Court below, counsel can not read to the jury in his argument, an opinion of this Court delivered on an appeal from a former trial in the same case, detailing some of the facts of the case as they then appeared.

2. Where a motion is made, upon affidavits, in the Court below to set aside the verdict upon the ground of improper conduct in the jurors, the facts should be ascertained by the Court and spread on the record. This Court will not look into the affidavits.

3. If the motion is grounded upon the *mistake* of the jury, this Court can take no notice of such mistake, whether of fact or law ; the only remedy is for the Court below to grant a new trial.

4. Misconduct on the part of a jury, to impeach their verdict, must be shown by other testimony than their own.

(*State* v. *Whit,* 5 Jones, 225 ; *State* v. *O'Neal,* 7 Ire. 251 ; *State* v. *Godwin,* 5 Ire. 401 ; *Love* v. *Moody,* 68 N. C. 200 ; *Rhinehart* v. *Potts,* 7 Ire. 403 ; *State* v. *Gallimore,* Ibid. 147 ; *Long* v. *Gantley,* 4 Dev. & Bat. 315 ; *Goodman* v. *Smith,* 4 Dev. 459 ; *Reed* v. *Moore,* 3 Ire. 313 ; *State* v. *McLeod,* 1 Hawks 344, cited and approved.)

INDICTMENT for Murder removed from Bertie and tried at Fall Term, 1876, of WASHINGTON Superior Court, before *Moore, J.*

The case is sufficiently stated by Mr. Justice BYNUM, in delivering the opinion of this Court. Verdict of guilty. Judgment. Appeal by prisoner.

*Attorney General,* for the State.
*Msssrs Busbee & Busbee,* for the prisoner.

BYNUM J. This case has been here once before. 75 N. C. 104. In his argument to the jury, the prisoner's counsel offered to read a portion of the opinion of the Supreme

Court delivered in the former appeal, detailing some of the facts of the case as they then appeared.' This was not allowed, the Court remarking however that the " counsel was at liberty to read any proposition of law decided by the Supreme Court in this or any other case. " The counsel then offered to read the whole of the opinion of the Supreme Court in the case. This was also disallowed and the prisoner excepted to both rulings. There is no error upon either ruling. The facts as stated in the published reports were not evidence before the jury at all, nor were the inferences of fact drawn and stated by the Judge in delivering the opinion of the Court in the former case, and the counsel had no right to refer to them for any purpose. Under the Act of 1844, Rev. Code ch. 31 § 57, the counsel had the right to argue the law as well as the facts to the jury, but the facts as disposed to on a former trial and published in the reports were not competent evidence on this trial, and when the counsel declined to read any proposition of law decided by the Court and reported in the former case or in any other, it became the duty of the Judge to stop him as he did. State v. Whit, 5 Jones 225 ; State v. O'Neal 7 Ire. 251.

The next day after the verdict had been rendered and after the jury had separated, three of the jurors joined in an affidavit to the Court, the substance of which was, that after the jury had retired, a part were for conviction and a part were for acquittal and still remained so, after a consultation which lasted all night. Whereupon, Bateman, one of the number, " a man of learning and a former Sheriff of the County, " suggested that they could recommend the prisoner to the mercy of the Court, and that the Judge would recommend him for the Governor's pardon. That believing the prisoner had not been proved guilty of murder, yet thinking the weight of evidence was against him, they, as a kind of compromise, agreed to bring in a verdict

37

of guilty upon the conviction that their recommendation for mercy would prevent the prisoner from being hanged. That they did not and do not now believe the prisoner guilty of murder, and that they never would have consent-ed to the verdict, had they known the full effect of it, and had they not been fully satisfied that they had effected a compromise whereby they had saved the prisoner from the death penalty. And finally, that in any other sense, the verdict of guilty of murder was not their verdict and had never been agreed to by them. The Court refused to set aside the verdict. In this there is no error. The affidavit is made a part of the case.

1. When a motion is made in the Court below, to set aside a verdict upon the ground of improper conduct in the jurors, and the motion is founded on affidavits, the Supreme Court will not look into the affidavits. They can only de-cide upon the record presented to them and therefore if such motion is designed to be submitted to their revision, the facts must be ascertained by the Court below and spread upon the record. That has not been done in this case. *State* v. *Godwin,* 5 Ire. 401; *Love* v. *Moody,* 68 N. C. 200, *Rhinehart* v. *Po'ts,* 7 Ire. 403.

If the motion for a new trial is based, not upon the mis-conduct, but upon the mistake of the jury in the Court below, the Supreme Court cannot take notice of such mis-take, whether they find against the facts or the law; be-cause the jurisdiction of this Court is confined to matters of law adjudged by the Court below, and to ascertain what matters of law were so adjudged, we look to the case stated. This Court corrects errors of law committed by the Judge below and not those committed by the jury. For errors of the latter kind, the remedy is for the Court below to grant a new trial. *State* v. *Gallimore,* 7 Ire 147; *Long* v. *Gantley,* 4 Dev. & Bat. 315; *Goodman* v. *Smith,* 4 Dev. 459; *Reed* v. *Moore,* 3 Ire. 313.

2. Misconduct on the part of the jury to impeach their verdict must be shown by other testimony than their own. This has been long settled and for the most convincing reasons, which will readily suggest themselves to all minds at all familiar with the administration of justice through the medium of trial by jury. *State* v. *McLeod,* 1 Hawks, 344.

No other point in behalf of the prisoner was made or pressed in this Court. Whether his case is a fit one for executive clemency, belongs to the appropriate tribunal.

No error. This will be certified.

PER CURIAM. Judgment affirmed.