## STATE v. STEPHEN ROYAL.

*Verdict, impeachment of.*

The verdict of a jury cannot be impeached by one of its members.
(*State* v. *McLeod*, 1 Hawks, 344; *State* v. *Smallwood*, 78 N. C., 560; *State* v. *Brittain*, 89 N. C., 481, cited and approved).

INDICTMENT for an assault tried at Fall Term, 1883, of CUMBERLAND Superior Court, before *McKoy, J.*

The defendant was charged with an assault with a deadly weapon upon one Benjamin Walker, and was found guilty by the jury. He then moved for a new trial upon an affidavit of one of the jurors who tried the case, to the effect that " the jury came to the conclusion of the defendant's guilt because he failed to have present and examine his son, who it was in evidence was present at the time of the alleged assault." But His Honor refused to hear the affidavit, and pronounced judgment, from which the defendant appealed.

*Attorney-General*, for the State.
*Mr. W. A. Guthrie*, for defendant.

ASHE, J. There is no principle of law better settled in this state than that evidence impeaching their verdict must not come from the jury, but must be shown by other testimony. *State* v. *McLeod*, 1 Hawks, 344; *State* v. *Smallwood*, 78 N. C., 560; *State* v. *Brittain*, 89 N. C., 481.

It is therefore ordered that the motion for a new trial be overruled, and that the superior court of Cumberland county proceed to judgment against the defendant agreeably to this opinion according to law.

No Error.                                 Affirmed.