POLLY ANN LAFOON v. ELIZA SHEARIN.

1. A judgment of nonsuit against a portion of the plaintiffs, terminates the action as to all.

2. Where it is desirable or necessary to continue the action as to some, and discontinue it as to the other plaintiffs, the proper course is to permit or order a withdrawal of those who go out.

3. Whether the jury, having retired under instructions to which there was no exception, shall be recalled for further directions, is within the discretion of the Court, and not reviewable.

4. It is not error to refuse to allow a deposition read upon the trial, to be taken into the jury room, upon the request of only one of the jurors.

5. Where the contention was whether the disputed land was embraced within the boundaries of another and larger tract, and there was conflicting evidence, it was proper to submit the facts to the jury.

6. The testimony of a juror will not be received in support of a motion to set aside a verdict in which he has joined.

7. Where a portion of the plaintiffs have been compelled to withdraw from the action upon their refusal to file a prosecution bond, it is not erroneous to enter judgment against them for costs.

(*State* v. *Royal*, 90 N. C., 755; and *State* v. *Brittain*, 89 N. C., 481, cited and approved).

CIVIL ACTION, tried before *Clark, Judge*, at August Civil Term, 1885, of WAKE Superior Court.

The facts are stated in the opinion.

*Messrs. D. G. Fowle, J. B. Batchelor* and *Jno. Devereux, Jr.*, for the plaintiffs.

*Mr. E. C. Smith*, for the defendant.

SMITH, C. J. This action was prosecuted to recover possession of part of a tract of land, devised in 1837 to the plaintiff by her grandfather, John Shearin, which she alleges is wrongfully withheld by the defendant.

The complaint avers that the plaintiff, at the age of sixteen years, intermarried with one Jas. Lafoon, who died in August, 1878.

All the material statements in respect to the subject matter in controversy made in the complaint, are denied in the answer. In the progress of the cause, the plaintiff died, and her heirs-at-law were made parties to the action in her place, as to a portion of whom, according to the record, a nonsuit was entered, (or, as we must understand, a withdrawal from the action by request, since a *nonsuit* terminates the same, and must be the result common to all), and the action was carried on by the five that remained.

The usual issues were submitted to the jury as to the plaintiff's right to recover possession of the premises, and the wrongful detention by the defendant, and both were answered in the negative.

Judgment thereupon being rendered against the plaintiffs, they appealed.

Upon the trial the plaintiffs exhibited in evidence the will of John Shearin, who died in 1837, wherein are contained the following dispositions:

"3d. I give unto my grandson, Aaron Shearin, son of Drewry Shearin, deceased, a certain tract of land in Granville county, adjoining the lands of Geo. Brogden and others, containing one hundred acres, be the same more or less. But my son, Bartholomew Shearin, is to have the privilege of living on it until he and his wife both die, to him and her forever.

"12. I give unto my beloved granddaughter, Polly Ann Shearin, the daughter of John Shearin, all the balance of my estate not heretofore disposed of, to-wit: the tract of land

on which I now live, with all the improvements, &c., containing four hundred acres, more or less, adjoining the lands of Thomas D. Bennehan and others, also my negroes," (naming three of them), "with all the balance of my estate not heretofore disposed of, and the expense of settling my estate."

A succession of deeds, beginning in 1783, and extending down to the testator, showed the transmission of the title and the vesting of it in him. The tract of one hundred acres, in possession of the defendant, was claimed by the plaintiffs to be a part of the four hundred acres devised to their ancestor, and testimony was introduced tending to support the contention; while evidence to the contrary was offered by the defendant and heard, and to this no exception was taken by the plaintiffs.

The plaintiffs asked the Court to charge that "if the one hundred acre tract, now in defendant's possession, belonged to John Shearin at his death, it vested in Polly Ann Lafoon."

Whilst defendant's counsel was arguing the case to the jury, and just before concluding, the Court remarked to the plaintiff's counsel: "I cannot give the charge as asked, but will give it with words added, ' and was not the Aaron Shearin land.'" Thereupon the counsel addressed, suggested that two persons of that name had been spoken of, and it might confuse the jury, unless the words were inserted "in which Bartholomew had a life estate," and as thus amended the instruction was given, and in such case the Court said "the plaintiffs were entitled to recover," that is, in more appropriate words, as we have often remarked, the response to the first issue should be in the affirmative.

The Court further charged, that although but five of the thirteen tenants in common were prosecuting the suit, this did not affect the controversy with the defendant, and these would be entitled to recover possession as much as if all continued in the cause as plaintiffs, that there was no stat-

utory bar in the way of the plaintiffs, she, their ancestor, becoming a *femme covert* before attaining her full age, and bringing her suit in time after the removal of that disability; and that the burden was on the plaintiffs to made out their case by a preponderance of testimony, explaining what was meant thereby.

There was no exception to the charge. Soon after the jury retired, plaintiffs' counsel suggested that the jury might not understand the directions of the Court, and they were at once recalled and asked if they needed any further instruction. One of them said, "I would like to know if the Ladd land could not possibly have been the same as the Batholomew land." The Court in answer said, "the jury must decide the question of identification for themselves. It is a question of fact, and the jurors are the sole judges of fact. If any of the jury are in doubt about any fact, I will recall any witness that may be designated, in order to his being examined." The jury declined any further examination of the witnesses, and did not desire any further directions from the Court. One of their number wished to take the deposition of one Brogden into the jury room, but when the Court inquired if this was the wish of the jury, all the others dissented, and the deposition was not taken out.

After a second retirement, plaintiffs' counsel requested that they might again be recalled for further instructions, and this request was, as a matter of discretion, refused. Upon the motion for a new trial, the affidavit of a juror was filed, in which he stated, that being in the neighborhood of the disputed land, he gave information to the other jurors, which in his opinion was considered by them in forming the verdict.

The Court refused to act upon the affidavit, and in this was governed by a well settled rule of practice. *State* v. *Royal,* 90 N. C., 755; *State* v. *Brittain,* 98 N. C., 481.

The errors assigned, briefly stated, are:

I. The Court did not tell the jury when recalled, that there was no evidence that the land in the defendants' possession was the Batholomew land, but, on the contrary, left the question of identification to them.

The answer to this is manifold and plain:

1. No such point was made, and no instructions to sustain it requested before the withdrawal of the jury for deliberation upon the issues.

2. Nor was such instruction asked when the jury were first recalled at the instance of plaintiffs' counsel, upon a suggestion that the directions of the Court may not have been understood.

3. The jury did not wish, when asked, any further instruction.

4. The case expressly states that conflicting evidence was offered upon the question whether the one hundred acre tract was part of the four hundred acre tract devised to the plaintiffs' ancestor.

II. The Court should have given the instruction unamended as demanded for plaintiffs.

The addition was entirely proper, if not necessary, to a proper understanding of the matter.

The defendant claimed the land under the devise to Bartholomew and Aaron Shearin, and it would have been a vague and unmeaning declaration, unless upon the assumption that the small was part of the large tract, the very subject of controversy. The superadded words left the question open to the jury.

The prayer was, stripped of the explanatory additions, that the jury should find for the plaintiffs the controverted fact, and this, in view of the contradictory testimony received without objection, was wholly inadmissible.

III. The refusal to bring the jury a second time before the Court for further instructions, the purport of which is not given, was wholly within the discretion of the Court,

and it would seem not to be a reasonable request at that advanced stage of the proceeding.

The remaining exception is to the form of the judgment, in awarding a nonsuit as to those of the plaintiffs who did not unite in the affidavit to prosecute in *forma pauperis.* As we have said, this was not a regular and formal entry of what was done, but must be deemed a compulsory withdrawal of those persons from the cause; and in this we see no error, inasmuch as a bond for prosecution was properly required of them, and they refused to give it.

The appellants, upon a suggestion from their counsel of an imperfection in the statements of the case, and of his assurance that the Judge would make the proposed corrections, was permitted to withdraw the papers and lay them again before the Judge, but this action has resulted in no important charge.

There is no error, and the judgment is affirmed.

No error.                                Affirmed.