Houk v. Allen.

Filed Jan. 17, 1891.

———————◆———————

No. 14,601.

HOUK v. ALLEN.

JURY.—*Bailiff.*—The bailiff should not remain in the room during the deliberations of the jury.

SAME.—*Misconduct of.*—Where the jury, after being out for more than twelve hours, without arriving at a verdict, agree that ballots shall be cast, and that the verdict of the jury shall be returned for the party receiving the majority of the ballots, the verdict so obtained is erroneous.

JUROR.—*Affidavit.*—*Impeachment of Verdict.*—The affidavit or evidence of a juror is inadmissible to impeach his verdict.

SUPREME COURT.—*Reversal of Judgment.*—Unless it affirmatively appears that the judgment is right notwithstanding errors in the record, the judgment will not be affirmed notwithstanding such errors.

From the Montgomery Circuit Court.

*G. D. Hurley* and *M. E. Clodfelter*, for appellant.
*J. E. Humphries, N. P. H. Proctor, W. M. Reeves* and *E. F. McCabe,* for appellee.

BERKSHIRE, C. J.—This was an action of replevin brought by the appellant against the appellee.

The case was tried before a jury, and a verdict returned for the appellee, and over a motion for a new trial judgment was rendered for the appellee.

The only error assigned relates to the action of the court in overruling the motion for a new trial.

The questions discussed are:

1. Misconduct of the bailiff to the jury.

2. Misconduct of the jury.

We are not prepared to hold that the conduct of the bailiff, as disclosed by the record, constitutes reversible error, but whether so or not his conduct was improper.

The bailiff to the jury has no business in the room during the deliberations of the jury. When they need his services he should obey that call, and at once performing the service required it is his duty to retire from the room.

He may, at the request of the judge, inquire of the jury if they have agreed upon a verdict, or if they need his presence for any purpose, but when he does so it is not required that he enter the room ; he can make the inquiry at the door after it is opened.

The affidavits of a number of the jurors were introduced. in support of the motion for a new trial, and the same jurors examined orally before the court.

We can not consider either the affidavits or oral evidence of the jurors, for the reasons that the decisions of this court long ago recognized the rule that neither the affidavit nor the evidence of a juror can be heard for the purpose of impeaching his verdict.

The affidavit of W. G. Houk, the husband of the appellant, discloses the following facts : The jury retired to their

room in charge of a sworn bailiff, to consider of their verdict about 10 o'clock A. M., on the 30th day of May, 1888, and did not arrive at a verdict until about 1 o'clock A. M. on the 31st; that the verdict of the jury is the result of a compromise agreement entered into by and between the members of the jury who favored the plaintiff and those who favored the defendant; that after the jury had been out for more than twelve hours, and after many votes had been taken without reaching a verdict, the jury being about equally divided, and after it seemed impossible for them to arrive at a verdict, one of the jurors proposed that a certain number of ballots be cast, and that those ballots be counted, and if either the plaintiff or defendant received a majority of the ballots so cast, that the verdict of the jury should be returned for the party receiving a majority of the ballots, and that the persons favoring the party in the minority would abide by the result; that this proposition was agreed to by all of the members of the jury, and in pursuance thereof said ballots were cast and counted, and a small majority of the ballots so cast were found to be in favor of the defendant, whereupon the verdict afterwards returned was signed by the foreman and returned as the verdict of the jury in pursuance of said agreement.

This affidavit stands entirely uncontradicted. The affiant swears positively to the facts stated, and whether the affidavit was made from information and belief, or from actual knowledge, is unimportant. *Rickard* v. *State*, 74 Ind. 275. This affidavit is corroborated by the bailiff to the jury in this: He testifies, upon the hearing of the motion, that he was called into the jury room, by the jury, to prepare some paper for ballots; they wanted twelve or fourteen ballots cut out of paper, and to be of uniform length and width, so that there would be no distinguishing difference in their size. The witness prepared the papers as requested, but did not know what was done with them.

The affiant might have been called to the witness stand by

the appellee and examined orally with a view of ascertaining the weight which the affidavits should receive, but the appellee did not see proper to do this; and the affidavits of the members of the jury, or their oral testimony, might have been introduced for the purpose of contesting the correctness of the statement as made in the said affidavit, as the testimony of a juror is always competent in support of his verdict. The appellee did not avail himself of either of these methods in rebuttal of the said affidavit; and standing as it does, in no way contradicted, or discredited, but corroborated, as we have already stated, we are not at liberty to disregard it; but, for the purposes of this motion, must accept it as a correct statement.

The question presented, therefore, is whether a verdict which rests upon an agreement such as was the foundation of the verdict in question can be permitted to stand. The jury had been considering of their verdict for twelve hours, and over, had failed to agree, and most likely would not have come together except for the agreement which was made, as they were about equally divided as to number.

It is very clear, we think, that the rights of the parties were not determined according to the judgment or consciences of the members of the jury, as was their right, but that the verdict was the mere creature of the agreement to which the jurors bound themselves in advance of the verdict.

The following authorities support our conclusion : *Dunn* v. *Hall*, 8 Blackf. 32 ; *Batterson* v. *State*, 63 Ind. 531 ; Hilliard New Trials, p. 160, section 12 ; *Warren* v. *Robinson*, 1 Am. Dec. 38, note ; *St. Louis, etc., R. W. Co.* v. *Myrtle*, 51 Ind. 566.

It is argued for the appellee that as the entire evidence is not in the record the court ought to assume, notwithstanding there may have been error in overruling the motion for a new trial, that a right result was reached, and upon such assumption affirm the judgment.

It is only in cases where it affirmatively appears that the

judgment is right, notwithstanding any errors that may appear in the record, that a judgment will be affirmed notwithstanding such errors.

After the foreman had drawn up and signed the verdict, certain interrogatories, which had been submitted to the jury to be answered, were answered by the jury and signed by the foreman and returned with the verdict, but this did not remove the taint in the verdict.

For the error indicated the judgment must be reversed.

Judgment reversed, with costs.

Filed Nov. 20, 1890; petition for a rehearing overruled Jan. 17, 1891.