### ELI HINSON v. J. L. POWELL et al.

*Malicious Prosecution—Probable Cause—Evidence—Assignment of Error.*

1. In an action for malicious prosecution it was in evidence that the defendant had caused the plaintiff to be twice arrested and tried upon the same charge, and upon each trial there had been an acquittal; the defendant offered testimony to show the motive of the Justice who tried the last case which induced him to give the judgment: *Held*, to be incompetent.

2. Although the defendant had probable cause for the first prosecution, yet if he instituted the second for the same offence, and without additional evidence to that produced on the first, there was an absence of probable cause, which *prima facie* established malice as to that charge unless rebutted.

3. A general assignment of error to the charge of the Judge will not be considered. It is not required that an exception to the charge shall be specifically noted at the time, but it is the duty of the appellant to make specific assignment of error in the charge in the case on appeal.

CIVIL ACTION to recover damages for alleged malicious prosecution, tried at March Term, 1891, of COLUMBUS Superior Court, before *Armfield, J.*

The plaintiff introduced evidence tending to show that he was arrested on the warrant of a Justice of the Peace issued at the instance of the defendant J. L. Powell charging him with disposing of mortgaged property. The warrant was executed "on the plaintiff by the Sheriff who read it to him and told him when and where to appear for trial before the Justice next day, but the Sheriff did not lay hands on him or require a bond for his appearance. The case was tried before T. J. Emery, the Justice of the Peace, who, after hearing the evidence, adjudged the plaintiff not guilty, and dismissed the case at the cost of the defendant Powell. After this trial the defendant Powell, on being told that public opinion was

against him in the matter, said that he intended to have the plaintiff up for disposing of this property on every Saturday until the next Court, in order to afford amusement for the boys." It was further in evidence that the plaintiff was arrested a second time on the same charge, and in the same manner, on a warrant issued by Justice Morrison upon the affidavit of defendant J. L. Powell. The action was removed for trial before Justice Stanley, who, after hearing the evidence (which was about the same as that introduced on the first trial), adjudged the plaintiff not guilty, and dismissed this second action at the cost of the prosecutor.

It appeared in evidence that the plaintiff had disposed of a black horse, which, together with his crop and other property, he had mortgaged to Powell & Co., the defendants; that he received for said black horse a gray horse, which plaintiff testified was worth more than the black horse, and immediately tendered the gray horse to defendant's agent, who told plaintiff to take it home and gather his crop with it.

Defendant J. L. Powell testified that he knew nothing of this tender until six months afterwards, and that the debt secured in the mortgage had never been paid. He also testified that in suing out the two several warrants for defendant he acted under the advice of his attorney, and without any malice or ill-will towards the plaintiff. But a witness for plaintiff testified that after the dismissal of the first warrant, and before the issuance of the second, the witness told defendant J. L. Powell that his attorney was advising him wrong, and he had better get another attorney ; and that the said defendant replied that he did not need any lawyer, that he was lawyer enough himself to attend to this case.

A witness for defendant testified that the gray horse aforesaid was tendered to himself as agent of the defendants by plaintiff, upon condition that he would enter a credit of $100 on defendant's debt, which he declined. Defendant offered to prove by Justice Stanley, who tried the last warrant, the

motive that. induced him to dismiss said warrant. The plaintiff objectéd. His Honor sustained the objection, and excluded the testimony, and defendants excepted.

His Honor instructed the jury that there was no evidence against the defendants R. H. Powell and A. E. Powell, and directed a verdict for them ; and charged the jury, among ·other things, that the plaintiff, before he would be entitled to recover, ought to satisfy them by a preponderance of the testimony that the defendant had wilfully and maliciously prosecuted the plaintiff without probable cause, and caused him to be arrested and restrained of his liberty; that although they should find that the Sheriff did not, in fact, lay hands on plaintiff or require of him a bond, yet, if the manner of executing the warrants was as testified to by plaintiff, it amounted to an arrest, and if it was procured by the defendant J. L Powell with malice and without probable cause, plaintiff was entitled to recover of him some damages, and the amount was for them to determine ; that probable cause was a question of law to be decided by the Court, and that when defendants sued out the first warrant and prosecuted plaintiff before Esquire Emery, that defendant had probable cause and plaintiff could not recover for this prosecution; that as to the second warrant, and trial before Esquire Stanley, if the jury should find, from the evidence, that the testimony produced by the defendant against the plaintiff on the second trial was the same as that introduced by him on the first trial, and defendant was in possession of no additional evidence tending to show plaintiff's guilt at the second trial, and it had appeared in evidence at the first trial that plaintiff, in disposing of the mortgaged property, had acted in good faith and without intent to defeat the rights of the mortgagees, then in this second prosecution, tried before Esquire Stanley, the defendant J. L. Powell had acted without probable cause, and that the want of probable cause was evidence which *prima facie* established malice on .

the part of the defendant, but that this might be rebutted by the defendant, and it was for them to say, whether the evidence of the defendant himself, that he had acted without malice, or any other evidence in the case, was sufficient to rebut the presumption of malice arising from the want of probable cause, if they should find such want of probable cause from the evidence, and upon the instructions given them above upon that subject.

The defendant excepted to the charge as above set forth, though no special instructions were asked.

There was a verdict for plaintiff against J. L. Powell.

Motion for a new trial. Motion overruled. Judgment and appeal.

*Messrs. D. J. Lewis* and *J. B. Schulken* (by brief), and *W. G. Burkhead*, for plaintiff.

*Messrs. French & Norment* (by brief), for defendant.

DAVIS, J.—after stating the case: The first exception presented is, that his Honor excluded the testimony offered by the defendant to prove the motive that induced Justice Stanley, who tried the last warrant, to dismiss the same. It is alleged in the complaint, and admitted in the answer, that upon both the first and second trials the plaintiff was adjudged not guilty, and the warrants were dismissed at the cost of the prosecutor. The entry of the judgment must speak for itself, and unless reversed is conclusive. It has been held that a juror will not be heard to impeach a verdict of a jury, but the testimony for that purpose must come from some other source. *State* v. *Smallwood*, 78 N. C., 560; and we know of no authority, and counsel for appellant cite none, that will warrant a Judge or Justice of the Peace to state the motive by which he was governed in rendering his judgment. The judgment is conclusive. *Davie* v. *Davis*, 108, N. C., 501, and the cases there cited. If it be said that

on a trial before a Magistrate the merits of the prosecution were not inquired into, the answer is that it was perfectly competent for the defendant upon the trial in this action to justify his prosecution, not only by showing the guilt of the plaintiff, but by simply showing that he had probable cause for prosecuting him, and the exception cannot be maintained.

The second exception was "to the charge as above set forth." No special instructions were asked for. The charge is set out at length, and contains several distinct propositions of law applicable to the several phases of the evidence, as the jury may find the facts to be, and this exception is general. This Court has said: "A general exception to the charge without assigning errors specifically, will not be considered in this Court." *McKinnon* v. *Morrison,* 104 N. C., 354, and the numerous cases there cited.

But counsel for the defendant say: " The Court cannot intend to hold, in *McKinnon* v. *Morrison,* that where the Judge improperly lays down the law to the jury, you not only have to except, but that you have to except specifically, for some of the cases cited by the Court in that case held expressly the other way." We think counsel misapprehend *McKinnon* v. *Morrison,* and the cases cited. It is not required that the exception shall be specifically noted at the time, for the whole charge may be deemed excepted to, but it is " the duty of counsel to make specifically an assignment of errors in the charge when making up the case on appeal." *Lowe* v. *Elliott,* 107 N. C., 718; *State* v. *Black,* at this term. This has not been done, but it is not improper to add that we have examined carefully the charge of the Judge before whom this action was tried, in the light of the error specifically alleged in the brief of counsel for the appellant, and we can see no error of which the defendant can complain. His Honor expressly instructed the jury that the defendant had shown probable cause for the first warrant, and the plaintiff could

not recover for that, but he submitted the question fairly to the jury upon the second warrant, and we think that there was abundant evidence to support the verdict of the jury upon that prosecution. There is no error.

Affirmed.