## COBLE v. HUFFINES.

Filed April 21, 1903.

1. MALICIOUS PROSECUTION—*Evidence.*

> In an action against a prosecutor for malicious prosecution, the plaintiff having been tried and acquitted on two separate indictments for the same offense, both bills of indictment are competent evidence.

2. MALICIOUS PROSECUTION—*Malice—Probable Cause—Evidence—Judgments.*

> In an action for malicious prosecution the order and judgment in the criminal action, finding the prosecution frivolous, malicious, and not required for the public interests, while not conclusive of malice or want of probable cause, is competent as tending to show malice and want of probable cause.

ACTION by Wesley Coble against D. R. Huffines, heard by Judge *Walter H. Neal* and a jury, at February Term, 1902, of the Superior Court of GUILFORD County. From a judgment of nonsuit the plaintiff appealed.

*Scales, Taylor & Scales,* for the plaintiff.
*John A. Barringer* and *A. L. Brooks,* for the defendant.

DOUGLAS, J. This is an action for malicious prosecution. The plaintiff and defendant had a horse trade, perhaps the most fruitful source of strife and ligation known to the law. As its result, the defendant procured a warrant for the plaintiff charging him with trading to the defendant a horse with the assurance that he had never known him to balk, when in fact he was an accomplished balker. The plaintiff was bound to court, where he was tried and acquitted upon two separate indictments based upon the same transaction, to-wit, the horse trade. He now brings this action for damages, alleging that the prosecution was malicious and without probable cause. He submitted to a non-suit in the court below upon an intimation of his Honor that he could not recover.

It is needless for us to repeat the evidence. It is sufficient to say that in connection with the rejected evidence which should have been admitted, it contained more than a scintilla tending to prove the contentions of the plaintiff. This being so, it should have been submitted to the jury.

The warrant upon which the plaintiff was arrested and the first indictment, marked No. 88, upon which he was tried were admitted in evidence, but the second indictment, marked No. 103, upon which the plaintiff herein was also tried and acquitted, was excluded upon objection by the defendant. In such exclusion we think there was substantial error. It is apparent to us from an inspection of the indictments that they were both based on the same transaction—the horse trade—and were practically parts of the same general prosecution. There is no evidence whatever to the contrary.

The plaintiff offered to show from the records of the Superior Court that he was tried and acquitted on said second in-

dictment, and that in said action the following order and judgment were rendered: "In the above case the court finds as a fact that the prosecution is frivolous, malicious and not required for the public interest; and the prosecutor D. R. Huffines being present in court, he is hereby marked as prosecutor, and it is adjudged that he be, and he is hereby taxed with the costs of the action, and is committed to the custody of the sheriff of Guilford County until the said costs of action are paid." This evidence should have been admitted. The clerk of the Superior Court testified that these papers were among the records of his office; that he knew in whose hand writing the warrant and bill of indictment No. 88 and also Bill of indictment No. 103, were; that all of them were in the handwriting of J. A. Barringer, who was the attorney of the defendant Huffines in this case, and it was admitted that Mr. Barringer was employed by Huffines and prosecuted Coble in the above criminal cases. We do not mean to say that the adjudication by the court that the prosecution on the second indictment was frivolous and malicious, is conclusive evidence of malice or want of probable cause in the present action, but that it is competent evidence to be considered by the jury in arriving at their verdict. Taken in connection with the second indictment for the same transaction, it strongly *tends* to prove malice, if nothing more. In *Hinson v. Powell,* 109 N. C., 534, this court held, quoting the syllabus: "Although the defendant had probable cause for the first prosecution, yet if he instituted the second for the same offense and without additional evidence to that produced on the first, there was an absence of probable cause, which *prima facie* established malice as to that charge unless rebutted." It may be that the facts in the case at bar are not sufficiently identical with those in *Hinson v. Powell,* to bring it within the full force of that opinion, but this can be better determined upon the evidence

adduced upon the new trial. For the exclusion of evidence and erroneous intimation of his Honor as above set forth, there must be a

New Trial.