COBLE v. HUFFINES.

(Filed November 17, 1903.)

1. MALICIOUS PROSECUTION—*Evidence—Malice—Probable Cause—Presumptions.*

Where the plaintiff in an action for malicious prosecution was ac-
quitted on two separate indictments, the prosecutions must be
identical, and the second must have been instituted without any
evidence additional to that produced at the trial of the first, in
order to show the absence of probable cause and to raise the
presumption of malice.

2. MALICIOUS PROSECUTION—*Evidence—Malice—Probable Cause.*

In an action for malicious prosecution, an order in the criminal
prosecution designating defendant as the prosecutor, and tax-
ing him with the costs, is not admissible against him either to
show malice or the want of probable cause.

3. MALICIOUS PROSECUTION—*Evidence—Malice.*

In an action for malicious prosecution a statement of the defendant
that he would spend one thousand dollars to have his revenge
is some evidence of malice.

A PETITION TO REHEAR this case, reported in 132 N. C.,
399.

*J. A. Barringer* and *A. L. Brooks,* for the petitioner.
*Scales, Taylor & Scales,* in opposition.

WALKER, J.   This is a petition to rehear the above-entitled
case, which was decided at the last term and. is reported in
132 N. C., 399.   In the trial below, at the close of the plain-
tiff's testimony, the Court having intimated that the plaintiff
could not recover, he submitted to a non-suit and appealed.

The action was for malicious prosecution.   It appeared
that the defendant had bought from the plaintiff a horse, and
at the time of the purchase the plaintiff represented, as the

defendant alleged, that the horse was sound.    The defendant
kept the horse about a month, when he discovered that he was
not sound, and insisted that the plaintiff should take him
back.    The plaintiff then agreed to give a mare in exchange
for the horse, representing that the mare would not balk.
This proposal the defendant accepted and the exchange was
made.    The defendant afterwards found that the mare did
balk, and then caused the plaintiff to be arrested and tried
before a justice of the peace, who bound him over to court for
obtaining goods by false pretences.    The warrant was issued
upon an affidavit made by the defendant, and the case in the
Superior Court was prosecuted by him.    At the trial of the
indictment upon this charge the plaintiff was acquitted.    An-
other indictment was sent against the plaintiff at the same
term for obtaining goods by false pretences, it being based
upon the first transaction—that is, the purchase of the horse.
The particular allegation of the indictment was that the plain-
tiff had represented to the defendant that the horse was sound,
which representation was known to be false, and by reason
thereof the plaintiff had obtained the price of the horse from
the defendant.    The defendant was acquitted also at the trial
of this indictment, and the Court, having found that the
prosecution was frivolous and malicious and not required by
the public interest, directed that the defendant in the present
case, Huffines, be marked as prosecutor, and adjudged that
he pay the costs of the prosecution.

    At the trial of this case for malicious prosecution, which is
based, as we have said, upon the second transaction—that is,
the mare trade—the plaintiff proposed to introduce as evi-
dence the finding and order of the Court by which the defend-
ant was marked as prosecutor and taxed with the costs in the
second indictment, but upon objection from the defendant
the evidence was excluded and the plaintiff excepted.

    At the last term, when this case was heard, it was supposed,

and was so stated in the opinion, that the two indictments were based upon one and the same prosecution, and that the case was therefore within the principle of the decision in *Hinson v. Powell,* 109 N. C., 534. Upon a more careful examination of the record we are satisfied that the two prosecutions were not the same, nor were they practically the same, so as to render the proceedings in regard to the second indictment competent as evidence in the trial of the first indictment. In order to bring the case within the principle of *Hinson v. Powell, supra,* the two indictments must have been for the same offense and not merely for similar offenses. In other words, there must be a complete identity between the two prosecutions, and the second must have been instituted without any evidence additional to that introduced at, the trial of the first indictment, in order to show the absence of probable cause and to raise the presumption of malice. We do not think the principle of that decision applies to this case, as the facts now appear to us.

We are further of the opinion that the proposed evidence was properly excluded, as the order of the Court by which the defendant was marked prosecutor and taxed with the costs could not for any purpose be competent against the defendant, not even to show malice or the absence of probable cause. That was a proceeding merely for the taxation of costs, to which the plaintiff in this case was in no sense a party, and the finding and order of the judge could no more be evidence in his behalf, for the purpose of showing malice or of establishing any other fact necessary to a successful prosecution of this suit, than could be the action of the Court in any other judicial proceeding to which the plaintiff was not a party. It adjudges nothing and proves nothing as between the plaintiff and the defendant in this case, and is *res inter alios acta.* It cannot bind or affect this defendant as an estoppel or under the principle of *res judicata,* because in order to do so both

parties in this suit must have been parties to the litigation out of which the estoppel arose or in which the adjudication was made, and it cannot be evidence for the same reason.    What was said and done by the judge is, as to the parties to this action, nothing more than the expression of his opinion that the prosecution was malicious and that the defendant should be marked as prosecutor and taxed with the costs.    The case of *Casey v. Sevatson,* 30 Minn., 516, seems to be directly in point.    In that case the Court said: "In the course of the trial of the present action the plaintiff offered in evidence the docket entries of the justice in the alleged malicious prosecution, which, among other things, contained the following: 'Upon due consideration of the evidence given in this case it is adjudged that the complaint was malicious and without probable cause, and that Erick Sevatson pay the costs of this action.'    Defendant specifically objected to the admission in evidence of that part certifying that the complaint was malicious and without probable cause, but the objection was overruled and exception taken.    Defendant also excepted to the Court's refusal to instruct the jury to disregard the docket entries, 'so far as they relate to the complaint being malicious and without probable cause.'    The entry referred to was made by the justice in conformity to a provision of the statute.    This provision is evidently framed for the sole purpose of relieving the public of costs by saddling them upon the complainant, through whose unjustifiable action they have been incurred. It could never have been intended that the certificate should have the effect of an adjudication in favor of the party complained of and against the complainant, that the complaint was malicious and without probable cause; for, first, the proceeding in which it is made is not between those parties, but, as respects the complainant, purely *res inter alios;* and, second, it is not the result of any proceeding which can be called a 'trial,' as respects the complainant.    And yet, if the

certificate is to be received in evidence at all in an action for malicious prosecution, it must be received as a species of adjudication or judgment. Certainly it would not be admissible as the mere opinion of the justice. We think the learned Judge erred in receiving the entry objected to in evidence, and in refusing the instruction to disregard it."

We must not be understood as deciding that the record of the second indictment is altogether incompetent, as we have only referred to that part of the record in which the prosecution is adjudged to be malicious and the defendant is taxed with the costs. It may be that the record of the plaintiff's acquittal would be evidence in this case to show malice if it established by competent proof that the second indictment was instituted by the defendant with malice. *Brink v. Black,* 77 N. C., 59; *State v. Weaver,* 104 N. C., 758. But the entry on the record, which the plaintiff proposed to introduce, was not such evidence as could be heard for that purpose. We therefore hold that the entry was incompetent and was properly excluded by the Court, and in this respect the former opinion is modified.

This does not change the judgment of the Court by which a new trial was awarded. The lower Court instructed the jury that there was no evidence upon which the plaintiff could recover. In this there was error, as we find it stated at page 17 of the record that the defendant Huffines, speaking of the prosecution for false pretences, had declared that he would spend a thousand dollars in order to have his revenge. This was, of course, some evidence of malice, and, as the Court virtually withdrew the case from the jury by its ruling, the plaintiff is still entitled to a new trial because of this error.

We do not understand the defendant in his petition for a rehearing to ask distinctly for an affirmance of the judgment below, but rather for a modification of the former opinion of this Court, so that he will not be prejudiced at the

next trial by the erroneous ruling in regard to the entry on the record in indictment No. 103. This error is corrected, but the former decision must stand and the petition to rehear will be dismissed, as there was other evidence in the case which tended to prove malice and which should have been submitted to the jury.

Petition dismissed.

DOUGLAS, J., concurs in result only.