### McDONALD et al. v. PLESS et al.

(Circuit Court of Appeals, Fourth Circuit. June 9, 1913.)

No. 1,125.

NEW TRIAL (§ 143*) — GROUNDS — IMPEACHMENT OF VERDICT — TESTIMONY OF JUROR.

The testimony of a juror will not be received to impeach a verdict found by a jury of which he was a member respecting a matter inherent in the verdict itself.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 290–296; Dec. Dig. § 143.*]

In Error to the District Court of the United States for the Western District of North Carolina, at Asheville; James E. Boyd, Judge.

Action at law by J. W. Pless and J. W. Winbourne, partners as Pless & Winbourne, against D. J. McDonald and United States Fidelity & Guaranty Company. Judgment for plaintiffs, and defendants bring error. Affirmed.

The facts in the case, briefly stated, are as follows: The defendants in error, plaintiffs in the court below, instituted their action at law in the superior court of McDowell county, N. C., to recover from the plaintiffs in error, defendants in the court below, an alleged indebtedness of $4,000. The suit was by appropriate proceedings removed to the United States District Court for the Western District of North Carolina, where the defendants by proper plea denied liability for the claim as a whole, and, upon issue joined, the same was submitted to a jury, who rendered a verdict in favor of the plaintiffs for $2,916, with interest. This verdict the defendants, plaintiffs in error here, sought to have set aside, because of alleged misconduct of the jury in rendering the same, and in support of their motion filed two affidavits of the defendant D. J. McDonald, setting forth in substance that, after the jury retired to consider of their verdict, it was proposed by one of the jurors, and acquiesced in by the others, that each member of the jury would state what amount he thought the plaintiffs were entitled to recover, and that the aggregate sum arrived at should be divided by 12, and the quotient or net result of the division should be the verdict returned by the jury; that the agreement was made and entered into, and the jurors, in pursuance thereof, named different amounts, ranging from $500 to $4,000; that one of the jurors was for nothing, and two for $5,000 each; that the verdict thus arrived at was by a division of the total of the sums stated by each juror. The plaintiff in error D. J. McDonald stated these facts in these affidavits, and that he could prove the same, and also that there was in existence, and in the possession of one of the jurors, a paper showing how the verdict was arrived at. The trial court ruled that it would hear evidence to show that the jury arrived at their verdict in the manner set forth in the affidavits; whereupon counsel for the plaintiffs in error called A. K. Hider, one of the jurors, and three other members of the jury, to the clerk's desk, and had them sworn, and propounded to Juror Hider the following question: "Q. Mr. Hider, I wish you would state to his honor and the jury what was said by

the foreman of the jury when the jury retired to their room, as to the manner in which they should arrive at their verdict, and all about the method by which the jury did arrive at their verdict." To this question counsel for defendants in error excepted, and the exception was sustained. Thereupon the following occurred: The court said: "You propose to prove that when the jury, went to their room to consider their verdict, the foreman suggested to them that each juror should put down on a piece of paper the amount he thought the plaintiffs ought to have, that that amount then be added up and divided by 12 and that the quotient should be their verdict; they did that, and some of them, as you allege, went above the $4,000, one perhaps for nothing, and that they arrived at their verdict in that way.

"Mr. Rollins: Yes, sir.

"The Court: I hold that the testimony of a juror is not competent to impeach his verdict. You may have an exception."

To this ruling and action of the court, the defendants below excepted, and duly preserved their bill of exception, which, among other things, recited that no other testimony or witness than said juror was offered; and the court being of opinion that the testimony of the juror was incompetent to prove the facts alleged in said affidavits, and thereby impeach their verdict, upon objection by counsel for plaintiff below, excluded said testimony, and refused to consider the same. Thereupon judgment was duly entered on the verdict in favor of the plaintiff, to which action and judgment of the court in excluding the testimony aforesaid, and in entering judgment on the verdict, this writ of error was sued out, and the plaintiffs in error in their second assignment fully set forth their objection to the ruling of the court, rejecting the testimony of the juror, which is the only assignment relied on in the appellate court for the reversal of the action of the court below.

Thomas Rollins, of Asheville, N. C. (Martin, Rollins & Wright, of Asheville, N. C., on the brief), for plaintiffs in error.

A. Hall Johnston, of Marion, N. C. (Locke Craig, of Asheville, N. C., on the brief), for defendants in error.

Before PRITCHARD, Circuit Judge, and WADDILL and ROSE, District Judges.

WADDILL, District Judge (after stating the facts as above). The facts of the case briefly stated, and the one error insisted upon of those embraced in the assignments, present but a single issue for the determination of the court; that is to say, whether a juror may be called to impeach a verdict found by a jury of which he was a member, respecting a matter inherent in the verdict itself.

In the view of this court, but little need be said regarding this assignment, as the same is clearly without merit, certainly under the decisions of the federal courts, and of the courts of most of the states of the Union. The courts of but few states take the view that jurors can be called for the purpose of assailing their verdicts, or inquiring into the methods and purposes that actuated them in reaching their conclusions, or the manner whereby they arrived at the amount awarded by the verdict.

Under decisions of the state of Tennessee, and perhaps those of other states, the inquiry attempted here might be made; but it is almost the uniform rule, especially where the subject of investigation relates to a matter that inheres within the verdict itself, that a juror will not be heard orally, or by affidavit or otherwise, to impeach the verdict, or in any way disturb the result arrived at by himself and his fellows.

Such practice is forbidden by public policy, and would bring about un-seemly squabbles and contentions, and quickly result in the overthrow of the jury system.

The federal decisions sustain this view without variation, unless it be perhaps in one or two cases following the state practice in a state where the exceptional doctrine, as in Tennessee, prevails.

The Supreme Court of the United States has emphasized the doctrine in the recent decision of Hyde v. United States, 225 U. S. 347, 381, 384, 32 Sup. Ct. 793, 56 L. Ed. 1114, and to the same effect will be found the following federal authorities (and others might be cited): Mattox v. United States, 146 U. S. 140, 148, 13 Sup. Ct. 50, 36 L. Ed. 917; United States v. Daubner (D. C.) 17 Fed. 808; Chandler v. Tompson (C. C.) 30 Fed. 38, and cases cited. In the last-named decision, an opinion of Judge Dick of the Western district of North Carolina, from which jurisdiction the present case came, it is said:

"It is an old rule, and well settled, that, on motion for a new trial, a jury would not be allowed to explain the grounds of their verdict."

In Glaspell v. Northern Pacific R. R. (C. C.) 43 Fed. 909, it is said that:

"Upon the grounds of public policy, the courts have almost universally agreed upon a rule that no affidavit, deposition, or sworn statement of a juror shall be received to impeach the verdict or to explain it, or show on what grounds it was rendered."

In Pelzer Manf'g Co. v. Hamburg-Bremen Fire Insurance Co. (C. C.) 71 Fed. 826, Judge Simonton, of this circuit, said:

"None of the cases permit a juror to impeach a verdict because of his own misconduct or that of other jurors in the jury room, or to divulge the motives or method by which they reached their verdict."

Also Callahan v. Chicago, M. & St. P. R. R. (C. C.) 158 Fed. 994.

The state decisions, and none more so than those of the state of North Carolina, strongly adhere to the view herein announced, and the same may be said of the leading text-writers on the subject. State v. Smallwood, 78 N. C. 561, 562; State v. Brittain, 89 N. C. 481, 504; Lafoon v. Shearin, 95 N. C. 391, 394; State v. Best, 111 N. C. 638, 642, 15 S. E. 930; Gordon v. Commonwealth, 100 Va. 825, 834, 41 S. E. 746, 57 L. R. A. 744; Houk v. Allen, 126 Ind. 568, 25 N. E. 897, 11 L. R. A. 706; Murphy v. Murphy, 1 S. D. 316, 47 N. W. 142, 9 L. R. A. 820, 822, and cases cited; Goodman v. Cody, 1 Wash. T. 329, 34 Am. Rep. 808; Thom. & Mer. on Juries, §§ 364-366; Ency. of Evidence, vol. 8, pp. 964, 968; 14 Ency. Plead. & Prac., 905, 906, 911 (where cases from nearly every state in the Union are cited); Thompson's Trials, vol. 2, p. 1963.

It follows from what has been said that there is no error in the action of the lower court, and the same will be affirmed.

Affirmed.