Gaston, Judge,
 

 after stating the charge as above, proceeded: — The counsel for the appellant insists that the remarks characterised by the Judge as inadvertent, and which the counsel very candidly admits to have been such, transgressed the bounds imposed on Judges by the act of of 1T96, entitled, “An act to secure the impartiality of trial by Jury, and to direct the conduct of Judges in charges to the Petit Jury,” — that whatever effect the immediate correction of this mistake may have produced on the minds of the jury, it was physically impossible,to obliterate from their recollection,what was the Judge’s opinion of this testimony — that this opinion was forbidden by the law to be made known to them— that the trial, because of this prohibited communication, was illegal; and that the defendant has therefore a right to require that the verdict,consequent upon such illegal trial, should be set aside.
 

 The act of 1796 enacts “that it shall not be lawful “for a Judge, in delivering a charge to the Petit Jury, “to give an opinion whether a fact has been fully or “sufficiently proved, such matters being the true office “and province of a jury; but it is hereby declared to be “the duty of the judge in such cases, to state in a full “ and correct manner the facts given in evidence, and “ explain the law arising therefrom.” It is obvious that if we confine ourselves to the
 
 words
 
 of this statute, there is no ground for the complaint which we are now considering. But it has been long since settled, that the literal,is not the true interpretation of the act. Solicitous to discover and faithfully to carry into execution
 
 *614
 
 the legislative will, this court has fixed its attention upon the purposes declared in the act, and has given to it such a construction as.it believed, would most effectually accomplish these purposes. On the one hand, it has been seen,that the Legislature designed to preserve the purity and independence of the trial by jury, by securing to every man,the right to have a decision upon the controverted facts of his case, which shall be the result of the jury’s investigation of the evidence, uninfluenced and un-biassed by the opinion of the judge. On the other hand, it has as clearly seen the desire of the Legislature, that every aid and facility should be given to the Jury, by a fair,full and impartial statement of the evidence, and by an explanation of the principles of law therewith connected, to make such investigation correctly, in order to arrive at the true result. It has therefore held, not only that the law may be violated by informing the Jury that a fact is, or is not,
 
 fully
 
 proved, but by giving them to understand on what side the judge believes the weight of evidence to be. But it has also held, that the evidence, of which,the jury is to have a full statement,, comprehends not only the words testified, but the circumstances under which they are testified, and that it is within the province, nay. part of the duty of the judge, to present these circumstances to their notice, and fairly to comment upon them as part of “ the facts in evidence.”—
 
 Reel
 
 v.
 
 Reel,
 
 (2
 
 Hawk’s,
 
 85.)
 
 State
 
 v.
 
 Moses, (ante
 
 2
 
 vol. p.
 
 259.) It has held that the judge has no right to advise the jury upon the weight of the evidence, but that he may point out,and that he ought to point out,the rules of law which may be useful in ascertaining this weight. If he should err in stating these rules,the party grieved has the legal right to except to the error. If there be any departure, in this statement, from fairness and impartiality, it may be a manifestation of opinion upon the controverted facts, as distinctly, as though he had expressed such an opinion.
 

 But, if lie bring to the notice of the jury what really is evidence proper for their consideration, if he state the rules of law correctly in relation to this evidence; and
 
 *615
 
 jf ¡n tiie recapitulation of the facts, there is no departure from fairness and impartiality ; it Would be absurd for the party to complain of the judge because of the conclusion, which a fail* statement of the evidence and the law plainly indicates or may probably induce. The law desires that the truth should be ascertained. It regards the jury, who are the appropriate triers of facts, as having sufficient capacity and integrity to arrive at a correct result upon the disputed facts, without the aid of an opinion from tiie court, as to that result, But it knows that these triers may be aided, and it wills that they should be aided, by the Court summing up for their consideration, the testimony in relation to these facts; including iii tiiis summary, the circumstances connected With the testimony — and tiie rules of law calculated to show their relevancy and application. The task thus alloted to the presiding judge,is confessedly one of great difficulty and delicacy. He is to rescue the case from misrepresentation and lbisconception of tiie evidence, and from the false glosses put Upon it by ardent and ingenious advocates; lie is to present a fair, full and impartial statement of the evidence as applicable to tiie matter in control ersy; he is to collate the testimony of concurring ánd conflicting witnesses; and indicate these
 
 presumptions
 
 or legal'inferences .previously formed on such occasions, and generally found to be accordant witli truth « — and the more perspicuously and lucidly he discharges these functions, the more faithfully he has performed his duty. But if in doing ail this,he intimates his individual opinion, as to the existence, or non-existence of a controverted fact; on which side of the controversy lie believes the truth to be; or which of the
 
 witnesses he
 
 regards as having’the higher claims to respect for iiis accuracy and probity, he then overleaps tisc boundary of duty, ftnd invades the peculiar and exclusive province of the jury. It is not strange, therefore, that conscientious minds should, in this situation, be perplexed with impounded scruples. Such do we consider the scruples, which the learned judge entertained on this occasion; and as he did entertain them, it is impossible not to re
 
 *616
 
 spect the promptitude and decision, with 'which he hastened to correct, what lie feared,
 
 might
 
 be an error. But, this court doth not hold it to be an error. The case, stated, which is a part of the record, which we are bound to consider as unquestionably true, and which in. deed has been unequivocally admitted to.be so, declares that the prosecutor and principal witness vras a respect-.. able man. This therefore was a fact in, evidence, either expressly proved, or (what is more probable) acknowledged on both sides. He also gave a clear and apparently unimpassioned relation of the circumstances of the case. This was another fact creditable to his candour, his accuracy, and his impartiality, {As facts they were proper to be stated to the jury, and ought to have on their minds the influence, to which the jury believed them entitled. The judge therefore did not err, but was strictly within the pale of duty in thus bring them before the consideration of the jury.
 

 It is not necessary, but we consider it not ¡nap* , propriate, to declare the opinion we have formed on the question, whether the judge’s correction of the mistake, in case it had been a mistake, removed the defendant’s , legal right of exception. We are of opinion that, there... is a precise analogy between the case, in which improper evidence has been incautiously received, or an intimation of opinion, Upon a.question of fact, inadvertantly given by the Court. So soon as the mistake is discov--. ered, the Judge should specially instruct the jury, whol- .... ly to disregard what they ought not to have heard. In .. cither case, if there be reason to believe, that the opin- ; ion inadvertantly given, or the testimony improperly ad-, mitted, has biassed the minds and perverted the judg- - ment of the triers, a sufficient cause is furnished, ad» dressed to the discretion of the Judge, for setting aside -, the verdict. But without some such reason, the presumption of law is that what the Court has withdrawn' from the jury, as unworthy of credit, and wholly improper' ■ for, consideration, has in truth been utterly-disregarded; Any other presumption cannot be warranted, without disrespect to a tribunal, which the nature of our instita»
 
 *617
 
 tíonrs proclaims, as having the capacity and probity to ‘ decide "rightly, where tlie materials for a correct decision áre fairly laid before them. If therefore the judge had Inadvertently expressed an opinion which ought to have been withheld, the Complete removal of the opinion, removed also ‘the ground of
 
 legal
 
 exception to the trial.
 

 "The appellant, by his counsel here, objects to the charge delivered by the Judge. He left it to the jury to say, upon the whole testimony, whether they believed the prisoner had committed an actual theft, upbn which belief they were instructed not to convict him; or believed that lie had recei ved the 'goods after they were stolén and with a knowledge of the theft. While the éóifnsébadmits the charge to be'unexceptionable for what it cdrilarns, die insists that it was the duty of the Judge <to 'him gone further, and to have instructed the jury, that the evidence tended to prove the prisoner ‘guilty of actual theft, but not of the ’receiving of'goods stolen by some other person. There are many reasons which forbid our-listei/ing to this objection.
 

 In "the "first place, it ought to appear‘either that such an iliétruction was specially prayed for and refused, or at ,tel events, that the Gase was one, in which there was tio testimony tending to fix upon the accused the crime charged. The case indeed shews, that the prisoner’s counsel argued in Ills defence to the jury, that if guilty of any offence, it was the offence of stealing, and not of that stated in the indictment; but it does not shew,that ’kn instruction fro® the court was prayed for, as to any legal presumption arising on the evidence. In the next place, upon the application for a new trial no
 
 exception to
 
 the Want of specific instruction is alleged. We can-hot intend therefore that it had been asked and refused. !tíor are wé at liberty to pronounce, whether the testimony would have warranted such special instruction, be-, (jlause, according to the law of this court, no more of the testimony is to be found on the case stated, than is necessary to present the points distinctly raised upon the record. Circumstances, in themselves and separately flrt eí m'nfch Weight, migjit and ough't to have great infla-
 
 *618
 
 cncc in determining,whether the prisoner was guilty of stealing or receiving stolen goods, very proper to belaid before, and to be considered by those who were to try the facts, but not proper to be inserted, and perhaps wholly overlooked, in a statement intended to present legal errors for the decision of a tribunal, which lias no authority to examine into facts.
 

 Wc
 
 arc of opinion, that the errors assigned and the objections taken, to the judgment in the Superior Court, are not sustained, and that a certificate to that effect should go to that court accordingly.
 

 Pjjs Curiam. — Judgmkst avfirmkd.