Nash, J.
 

 His Honor, in charging the jury in this case, entiiely overlooked that of the
 
 State
 
 v.
 
 Thomas, 7
 
 Ire. 381. That was an action upon a Sheriff’s bond, and the plaintiff made out a
 
 prima facie
 
 case. The defendant introduced a witness, by the name of Clayton, who, if believed, established a full defence. The presiding Judge instructed the jury, that the statement of Clayton was such, as precluded the idea of a mistake ; and, if false, it must be within his knowledge, and that the jury must believe he had committed perjury before they could find a verdict for the plaintiff. This Court
 
 decided, that his
 
 Honor erred, upon the ground, that the credit which was to be given to the witness, was a matter of fact to be ascertained by the jury, and not one of law. In this case we think his Honor has committed the same mistake. The jury were instructed, that, from the testimony of Brown, the prosecutor, and from the nature of his testimony otherwise, it was
 
 not possible
 
 for the witness innocently to be
 
 *495
 
 in error: it was therefore a question of guilt on the one hand or corrupt false swearing on the other. The word perjury is not used by the Court; but a good definition of it was. In his concluding remarks, all doubt as to the meaning of the Court is removed. The jury were informed; that
 
 “
 
 it was necessary to the defendant’s acquittal to conclude that the prosecutor’s testimony was false, and, if false,
 
 it must be corruptly so,
 
 supposing the events to have happened in the ordinary course, and the senses of the witness to be sound.” Now this was taking from the jury the most important inquiry committed to them — the degree of credit to be given to the prosecutor. If they believed him, the defendant was guilty. The charge in this case is substantially the same • with that in the case of
 
 Thomas.
 
 The only difference is, that, in this the jury are informed, that the only thing that could save the witness Brown from the crime of perjury, if his statement was false, was that his mind was unsound. That he might have been mistaken was certainly possible — but his Honor did not suffer the jury to make this inquiry. We think his Honor erred, and there must be a
 
 venire de novo.
 

 Píse Cup.ian. Ordered to be certified accordingly.