Nash, Cl J.
 

 It is objected in this case, that his Honor,, the presiding- Judge, in Id's charge to the jury, violated the-provisions of the-Act of 1Y96. We are constrained to say that, in our opinion, the- objection is well founded. • It is of ten difficult for a Judge to avoid so- expressing himself, as not to intimate to a jury, what his opinion on the- evidence is ~ and it is extremely difficult, very often, to say where duty stops and' wrong begins. Nor is it possible to lay down, upon, the subject, any distinct rule but that contained" in the Act itself—“ to state in a full and correct manner the facts given-in evidence and to- declare and explain the law arising thereon,” Hev. Stat. ch. 31, see. 35. A charge-, therefore, which indicates to a jury what is- the opinion of the court upon the-evidence, violates the Act. We all' know how earnestly, in-general, juries, seek to- ascertain the opinion of the Judge-trying the cause, upon the controverted facts, and how willing they are to shift their responsibility from themselves to the court. The governing object of the Act was to guard against such, results—to throw upon the jurors themselves the
 
 *7
 
 responsibility of responding to the facts of the case. Nor is it proper for a Judge to lead the jury to their conclusions on the facts. In the case, the
 
 State
 
 v.
 
 Shule,
 
 10 Ire. Rep. 153, the Court say, “ there are the same objections to leading juries as to leading witnesses, and in fact, those apply with more force. The Judge is prohibited from intimating to the jury his opinion upon a question of fact.” ¥e are not ignorant of the difficulty, under which a Judge on the circuit often labors, in charging the jury, to avoid trespassing on the Act. But it is his privilege, if he becomes satisfied that he has so trespassed, to take back what he has said, and if he cannot, by so doing, restore the parties to their rights, he ought to grant a new trial.
 

 Upon a careful examination of the' charge in this case, we are constrained to say, the Act of 1196 was violated. To the first part of the charge there is no exception. After stating the legal points in controversy, llis Honor proceeds' to state the grounds mainly urged, both for the' plaintiff and defendant—that the plaintiff’s counsel contended that the plaintiff could not have- been aware of the condition of the brandy before he purchased, and been guilty of the folly of giving the full price of a good article for one that was worthless; “but that the defendant’s counsel replied. to> that, do you believe the defendant, either, would have keen such a fool as to buy for his principal, &c.” The case states that the defendant’s counsel did not use the language attributedjo him. Now, we do not intend to say that, in stating the argument of counsel at the bar, it is the duty of the Judge to use the very language in which it was clothed/, but he should not state it in terms stronger and more emphatic. Here such language was used by his Honor. The question propounded in the charge was not that of the counsel but of the Court, and was calculated, not to mislead, but to
 
 lead
 
 the jury—an indication of what was the opinion of the Court upon the fact then in controversy, to wit: the knowledge of the defendant as to the worthlessness of the article sold.
 

 Again, when the two jurors came into Court and stated the
 
 *8
 
 jury could not agree, his Honor, in a loud tone of voice, observed, “ If you cannot agree one way or another in as plain a state of facts as this is, I don’t say which way, it is useless to try causes in courts of justice.” And added that, “he would not discharge them if they stayed till Saturday night.” Whether the case was a plain one or not, is not before us. His Honor had no right to tell them it was a plain one. Our enquiry is, whether he intimated in his charge, on which side it was plain. His disclaimer came too late. He had already asked the jury, if they thought the defendant such a fool, &c. In stating the argument of the plaintiff’s counsel, he used no such strong language as when stating that of the defendant. Neither counsel had used the strong word ‘fool,’ as applicable to his client Why this difference ? Was it not a clear intimation of the opinion of his Honor and was it not well calculated to lead the jury ? We think it was.
 

 For this error there must be a
 
 vemre de novo,
 
 and the judgment is reversed.
 

 Per Curiam.
 

 Judgment reversed.