In looking into the record in this case, two errors appear to have been committed on the trial, for one of which, at any rate, the prisoner is entitled to a venire de novo.
On the trial a question arose as to the withdrawal of certain confessions of the prisoner. The court declined withdrawing them, but remarked to the solicitor for the State, that, after the other evidence already given in the cause, he, the solicitor, might withdraw them, if he chose to do so, which the solicitor declined. This seems to us to be an expression of opinion on the part of the judge that the case was sufficiently proved without the aid of the confessions. This is not directly asserted, but is a matter of inference plainly from the manner in which the expedient of withdrawing the testimony is suggested: "After the other evidence, already given in the cause, the solicitor might withdraw," etc. The sense which we attribute to this language is that which his Honor himself seems to have ascribed to it; for he takes pains to explain to the jury that they were not bound by any opinion or judgment of his as to the facts. He endeavored to obviate the effect of his opinion by announcing, in distinct terms, the jury's independency of him in all matters of fact pertaining to the issue; but this it was not practicable for him to do. The opinion had been expressed, and was incapable of being recalled. *Page 285 
The statute declares that "no judge, in delivering a charge to the petit jury, shall give an opinion whether a fact is fully or sufficiently proved, such matters being the true office and province of a jury."
The object is not to inform the jury of their province, but to guard them against any invasion of it.
The division of our courts of record into two departments — the one for the judging of the law, the other for judging of the facts — is a matter lying on the surface of our judicature, and is known to everybody. It was not information on this subject the Legislature (443) intended to furnish; but their purpose was to lay down an inflexible rule of practice — that the judge of the law should not undertake to decide the facts. If he cannot do so directly, he cannot indirectly; if not explicitly, he cannot by innuendo. What we take to be the inadvertence of the judge, therefore, was not cured of its illicit character by the information which he immediately conveyed. Knowledge on the part of the jury of their proper province is not the criterion for determining the propriety or impropriety of an opinion from the judge as to the sufficiency of the proofs. It is the same whether the jury know their rights or not.
The provision of the law in question has been in existence since 1796. On the various occasions when the law has been digested and reenacted, it has been continued in the same words; and the interpretation which we now give it is that which has been given it from the beginning. The judge cannot properly express an opinion whether a fact pertinent to the issue is sufficiently or insufficiently proved. Many questions of fact, especially inquiries into mental capacity, and frauds, require as much experience, science, and acumen as the abstruser questions of law; and yet their decision is left by law in the hands of the comparatively inexperienced and unlearned. This, we suppose, has been to maintain undisturbed and inviolate that popular arbiter of rights, the trial by jury, which was, without some such provision, constantly in danger from the will of the judge acting upon men mostly passive in their natures, and disposed to shift off responsibility; and in danger, also, from the ever-active principle that power is always stealing from the many to the few. We impute no intentional wrong to the judge who tried this case below. The error is one of those casualties which may happen to the most circumspect in the progress of a trial on the circuit. When once committed, however, it was irrevocable, and the (444) prisoner was entitled to have his case tried by another jury.
The second error appearing upon the record is the instruction given to the jury in relation to the confessions of the prisoner.
The question made before the court was whether the confessions had not been made under such influences as to render them inadmissible. *Page 286 
The two witnesses who had been examined before the judge upon that point were Kerr and Edson. The court instructed the jury that, as they had heard the evidence of these persons, if they believed Kerr had stated the truth of the transaction in regard to the confession, then they were all to be received, and such credit given to them as they might think proper; but if they thought that Edson's statement was the true one, and the inducement was held out before the prisoner made any confession of his own guilt (if any such was made), then they should disregard all the evidence of confessions, etc. The error here consists in laying the confessions before the jury in this alternative way. In the first exception just considered, the judge went over into the field of labor belonging to the jury. In this he invites the jury to come over into his. Neither is lawful. Such a trespass, without leave, on the part of juries, though a grave error, is irremediable in the class of cases now before us. If invited, it becomes an error in the judge. He cannot put upon others the decision of a matter, whether of law or fact, which he himself is bound to make. The parties are entitled to his judgment, as a finality, on all questions of fact arising on the trial of a cause upon which depends the admissibility of testimony. It is the duty of the judge to determine them definitely, and to admit or reject the testimony accordingly. It is error to leave it to the jury to decide the preliminary question of admissibility, and to instruct them to consider it, or not (445) to consider it, as they find the question the one way or the other.
This matter was considered in Ratliff v. Huntley, 27 N.C. 545, and Monroe v. Stutts, 31 N.C. 49, and the law declared to be as herein stated. For this error, the prisoner would be entitled to have his case put before another jury, if it would, by any possibility, have brought him harm; but it does not appear to us that it could, the judge having previously decided against the prisoner; and it is not therefore considered of any avail to the prisoner in his bill of exceptions. It is noticed in order to renew our disapprobation of the course.
For the first error, the prisoner is entitled to a
Venire de novo.
Cited: S. v. Andrews, 61 N.C. 206; S. v. Caveness, 78 N.C. 490; S.v. Alston, 113 N.C. 668; Williams v. Lumber Co., 118 N.C. 935, 939; S.v. Howard, 129 N.C. 673; Avery v. Stewart, 134 N.C. 292; Withers v.Lane, 144 N.C. 190; S. v. Swink, 151 N.C. 728; S. v. Cook, 162 N.C. 588;S. v. Harris, 166 N.C. 247; Speed v. Perry, 167 N.C. 128; Medlinv. Board of Education, Ib. 244; Bank v. McArthur, 168 N.C. 52; S. v.Beal, 170 N.C. 768. *Page 287