## STATE v. BENJAMIN SMALLWOOD.

The law imposes upon a juror no obligation to believe a witness who is unimpeached, nor does it give to testimony any artificial force, but leaves it to operate on the mind of each juror, with that force only which it may naturally have upon his mind in producing belief: *Therefore*, it is error in the court below to charge the jury that they are bound to believe a witness unless he was impeached, either by the testimony of some other witness, or by some fact or circumstance in the case.

The Solicitor is sole judge as to what witnesses shall be introduced on the part of the State, but it does not follow that the jury cannot consider the omission of the Solicitor to introduce a witness, and draw from it any reasonable and natural inference: *Therefore*, it is error for a Judge, on a trial in the Superior Court, to charge the jury that they cannot at all consider such omission.

(*State* v. *Martin*, 2 Ired., 101, *Nolan* v. *McCracken*, 1 Dev. & Bat., 594, cited and approved.)

INDICTMENT, for *Murder*, tried before MOORE, J., at Spring Term, 1876, of BERTIE Superior Court.

The facts, necessary to an understanding of the case, are stated in the opinion of the Court.

There was a verdict of guilty, and judgment thereupon. The prisoner appealed.

*Walter Clarke* and *Busbee & Busbee*, for the prisoner.
*Attorney General Hargrove*, for the State.

RODMAN, J. Several grounds for a new trial are assigned on behalf of the defendant, a few only of which it is materal to pass on.

1. The defendant requested the Judge to instruct the jury that they had the right to disbelieve the testimony of the witness, Clark.

The Judge did not give this instruction, but told the jury that they were bound to believe a witness unless he was im-

peached, either by the testimony of another witness, or by some other fact or circumstance in the case.

This instruction can scarcely be distinguished from that which was said to be improper in *Nolan* v. *McCracken*, 1 Dev. & Bat., 594, and, in all material respects, is identical with it. The error in the instruction is, that it seems, or at least may be understood to assert, that *the law* imposes on a juror an obligation to believe a witness, who is unimpeached, or that the testimony of such a witness is entitled to a force greater than its natural tendency to produce belief; whereas *the law* imposes no such obligation, and gives to testimony no artificial force, but leaves it to operate on the mind of each juror with the force only which it may naturally have upon his mind in producing belief.

The instruction *may* also be understood to mean that if the general character of a witness is unimpeached, there is an obligation on a juror to believe him, unless the juror can fix on some *particular* fact or circumstance in the case as a reason for unbelief. Probably a person, accustomed to weigh and balance one against the other, the reasons for accepting or distrusting testimony, is able always to specify the precise ground on which he accepts, doubts or rejects it. But juries are not commonly composed of such persons.

This instruction of the Judge was especially liable to be misunderstood and to mislead the jury in the case on trial, because there were circumstances which the jury ought to have considered in estimating the credit to be given to the witness, and which, *so far as appears*, were not presented to the jury in that light, so as to explain or qualify the expressions complained of.

1. The witness had quarrelled with the prisoner.

2. The testimony of the witness to the fact that the confession was made, was uncorroborated, when, if true, it could have been corroborated by Bond.

3. The truth of the confession, supposing it to have

been made, *does not appear* to have been corroborated by the finding of the sword and ramrod, where, by the confession, they were said to have been left.

II. The Judge told the jury that they could not consider *at all* the circumstance that Bond was not introduced as a witness on behalf of the State.

It is settled that the Court could not require the Solicitor to introduce Bond as a witness for the State. He is the sole judge of what witnesses he shall introduce. *State* v. *Martin*, 2 Ired., 101. But it does not follow that the jury cannot consider such omission, and draw from it any reasonable and natural inference.

We will not say that ordinarily any inference adverse to the State may be drawn from the omission of the Solicitor to introduce all the witnesses present at the commission of any alleged offence. It may be that, in his opinion, the case is strong enough without them. Our remarks are confined to the circumstances of the present case.

The witness testified that Bond overheard the confession of the prisoner and repeated it to the witness. Speaking for myself alone, it seems to me improbable that Bond, the employer of the prisoner and of the witness, should have been behind a bank near enough to hear this confession, just when it was made, without the knowledge of the prisoner or of the witness; and that having overheard it, instead of giving information to a magistrate with a view to the arrest of the prisoner, he should have informed the witness, then the friend of the prisoner, of his knowledge of the guilty secret, and thus enable the witness to inform the prisoner of the discovery and thus induce his escape.

Bond was in attendance on the Court under a subpœna and was not examined. The witness did not have the corroboration which, if his testimony was true, it was in the power of the Solicitor to have given to it. In a civil action

as, for example, to recover a debt, the interest of a plaintiff will naturally lead him, in a case of any doubt, to bring forward all the evidence he can to support his claim, and it is not an unreasonable inference, from his failure to bring forward a particular witness or a particular piece of evidence which, if it exists, must be in his power, that such witness would not strengthen his case and that the supposed evidence in his favor does not exist. The same rule will apply in criminal actions, where it is the duty and naturally the desire of the Solicitor to make out the case of the State if he fairly can. When the testimony of the only witness for the State is open to a suspicion of being biased by ill-will and is somewhat improbable in itself, yet if true can be corroborated in a material particular, it is natural to expect that the Solicitor will corroborate it if he can.

The inference that Bond would not have corroborated the witness Clark, because either he did not overhear the confession, or did not hear it as Clark relates it, is not so unreasonable that a jury shall be prohibited from drawing it. And if he could not corroborate the witness, his testimony is the more exposed to suspicion from being incorrect in that particular.

The instruction that the jury should not *at all* consider the omission to examine Bond was too strong.

The other exceptions we do not think it necessary to pass on. The occasions for them will probably not arise again. Those which we sustain entitle the defendant to a new trial. We are sensible that in putting a meaning upon sentences from the instructions of the Judge which, isolated from the context as they are presented to us on the record, are liable to exceptions, we may do him injustice, because they may perhaps have been explained or qualified by other parts of the instruction, so as not in fact to have been likely to mislead the jury. We cannot, however, for this reason conjecture that they were so qualified, but we must take them

detached from the possible context as they are presented on the record.

There was error in the proceedings below. Judgment reversed.

Per Curiam.                                   *Venire de novo.*