STATE v. THOMAS L. JONES.

*Indictment--Assault and Battery--Practice--Argument of Counsel--Judge's Charge.*

1. It is not improper for a prosecuting officer, in his argument to a jury, to comment upon the fact that the defendant had sworn a witness and afterwards declined to examine him.

2. Where the Court below instructed the jury "that in passing on the credibility of a witness, they shall consider that it is *a rule of law,* a presumption that men testify truly and not falsely "; *Held,* to be error.

3. The same act cannot be in self-defence and also an excess of force; *Therefore,* where on a trial for assault and battery the Court below instructed the jury that "suppose the witness did strike the defendant and that defendant drew his pistol in *self-defence,* although he did not cock it or point it at witness, it would amount to an excessive use of force," &c.; *Held,* to be error.

(*State* v. *Smallwood,* 75 N. C. 104, cited and approved.)

INDICTMENT for Assault and Battery, tried at Spring Term, 1877, of MECKLENBURG Superior Court, before *Cloud, J.*

The prosecutor, Smith, testified that he was a witness in a trial of an action before a Justice of the Peace, wherein the present defendant was plaintiff and one Johnston was defendant, and that just after the decision of the Justice was given, this defendant struck Johnston and in a few minutes thereafter drew a pistol, and said to witness, "You are the scoundrel I have been waiting for," and thereupon the witness struck the defendant. This was the assault for which conviction was asked.

The comments of the State Solicitor in closing his argument to the jury, as to the failure of the defendant to examine one Whitley who had been sworn as a witness, were objected to by the defendant, but His Honor declined to interpose, and the defendant excepted.

STATE *v.* JONES.

' The charge of His Honor, to which the defendant also·
excepted, is sufficiently stated by Mr. Justice RODMAN in de-
livering the opinion of this Court.   There was a verdict of
guilty.   Judgment.   Appeal by defendant.

*Attorney General,* for the State.
*Messrs. Shipp & Bailey,* for the defendant.

RODMAN, J.   1. We think the ·Solicitor had a right to·
comment on the fact that the defendant after having sworn
Whitley as a witness declined to examine him.   It'does not
appear that his comments were in any way improper.   It
may be that no inference against the defendant should have
been drawn from a circumstance which seems trivial enough,
but the jury alone could pass on its weight.

2. The Judge spoke inaccurately and without due care
when he said to the jury, that in " passing on the credibility
of the witness, Smith, they shall consider that it is *a rule of
law,* a presumption that men testify truly and not falsely."
An expression somewhat similar was commented on in *State
v. Smallwood,* 75 N. C. 104.   A Judge may· properly instruct
the jury, that the law presumes, and that they should pre-
sume, that a witness ' speaks the truth, unless there be some·
reason for thinking otherwise.   But this is not a .presump-
tion of law in a technical sense, but of fact, being drawn
from our experience of human veracity.   Its force depends
upon a number of circumstances which the jury must con-
sider before acting on it. It has no artificial force. 1 Starkie
Ev. 10. Ed. 821.   In 2 Wharton Ev. § 1237, the subject is·
treated of with ability.   Probably the Judge meant what is
above expressed, and it is not probable that his inaccuracy
of expression misled the jury.   If it had been called to his·
attention at the time he would probably have corrected the·
inaccuracy.   For these reasons we should be very reluctant·
to grant a new trial, if this were the only exception.

3. We think also the Judge erred in saying,—" Suppose witness Smith did strike the defendant first, and that defendant drew his pistol *in self-defence,* although he did not cock it or point it at witness Smith, it would amount to the excessive use of force, and in that aspect they should convict him." The error is plain. The same act cannot be in self-defence and also an excess. Moreover, it was for the jury to say whether a force was used in excess of what was necessary in defence.

