PEOPLE v. O'BRIEN et al.

(Supreme Court, Appellate Division, First Department.   December 3, 1909.)

1. CRIMINAL LAW (§ 811*)—INSTRUCTIONS—SINGLING OUT WITNESSES.
    The court charged that the testimony of police officers for the people
    and of witnesses for accused was conflicting, that the testimony of one or
    the other of those sets of witnesses was untrue, that it was the duty of
    the jury to weigh the conflicting evidence, and that as matter of law police
    officers were presumed to tell the truth, unless the contrary were estab-
    lished, which presumption stays with them until it is overcome by evi-
    dence.   Held, that the charge was erroneous, as singling out the police of-
    ficers, upon whose testimony the people relied.
    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1971; Dec.
    Dig. § 811.*]

2. CRIMINAL LAW (§ 553*)—INSTRUCTIONS—CREDIBILITY OF WITNESSES.
    The charge was erroneous, as stating that the presumption that wit-
    nesses told the truth remained until removed by evidence, whereas it may
    be removed by the appearance and conduct of the witnesses on the stand
    and by innumerable facts and circumstances.
    [Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 553.*]

3. CRIMINAL LAW (§ 823*)—INSTRUCTIONS—CURE OF ERRONEOUS INSTRUCTION
    BY OTHERS.
    Errors in the charge were cured, when the court further charged at
    accused's request that the jury might disbelieve the testimony of any wit-
    ness, whether for the people or for accused, either from his demeanor or
    bearing on the stand, or for any reason that they might have in mind,
    without the actual production of evidence to disprove what he says, that
    all witnesses are presumed to tell the truth until the contrary is estab-
    lished, whether they are police officers or others, and that the police of-
    ficers' evidence might be doubted from their demeanor and conduct on
    the stand, without the production of evidence to contradict them, the
    same as other witnesses.
    [Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 823.*]

4. CRIMINAL LAW (§ 1137*)—APPEAL—RIGHT TO COMPLAIN.
    Accused's counsel, having stated that the charge correcting the original
    instruction in the respects objected to was entirely satisfactory, could not
    complain thereof on appeal.
    [Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 1137.*]

Appeal from Court of General Sessions, New York County.

John O'Brien, James Monahan, and one Martin were convicted of
robbery in the second degree, and defendants O'Brien and Monahan
appeal.   Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGH-
LIN, McLAUGHLIN, and CLARKE, JJ.

R. M. S. Putnam, for appellants.
Robert S. Johnstone, for the People.

LAUGHLIN, J.   No question with respect to the sufficiency of
the evidence to warrant the conviction of the appellants is presented
by the appeal.   A reversal is sought solely on the ground of certain
instructions given to the jury by the trial court.   The appellants and
the defendant Martin were tried together and all testified in their

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

own behalf. Martin was likewise convicted; but he accepted his sentence to the Elmira Reformatory and did not appeal.

The court, in stating the claims of the respective parties on the evidence, said to the jury that the people claimed that the defendants are unworthy of belief, and that their stories radically conflicted with the testimony of two police officers named, who were called by the people, and that the testimony of one or the other of these sets of witnesses was untrue. The court then instructed the jury that it was their duty to weigh this conflicting testimony, and to determine which witness or witnesses were telling the truth, and thereupon said:

"The defendants urge upon you that this case upon the part of the people is fabricated; that it originated in the hostility of the police. I charge you, gentlemen of the jury, as matters of law, that police officers are presumed to tell the truth, are presumed to perform the duties which the law casts upon them, unless the contrary has been established. That presumption stays with them until it is pushed out of the case by evidence that satisfied your reason and intelligence that it should be pushed out of the case."

The court should not have thus singled out the police officers, upon whose testimony the people relied, and pointedly instructed the jury that as matter of law they were presumed to tell the truth, for whatever presumption of credibility there is attaches to all witnesses alike; and it was error to instruct the jury that such presumption remained until removed by evidence, for it may be removed by the appearance and conduct of the witness on the stand and innumerable facts and circumstances. While it is to be presumed of a witness going upon the stand that he will tell the truth, and that presumption should attach to his testimony unless it be improbable, or some fact, circumstance, or other reason develops in his testimony, or in the presence of the jury in the course of the trial, to indicate otherwise, it does not necessarily require evidence to remove it (State v. Ormiston, 66 Iowa, 143, 23 N. W. 370; State v. Jones, 77 N. C. 520; Crane v. State, 111 Ala. 45, 20 South. 590; 2 Thompson on Trials, § 2420; 2 Moore on Facts, § 1047), because whether credibility is to be attached to the testimony of a witness is for the jury to determine, and in determining it they are not confined to the sworn testimony and documentary evidence (People v. Place, 157 N. Y. 584, 52 N. E. 576; People v. White, 176 N. Y. 331, 68 N. E. 630).

Another vice in the charge is that it singled out certain witnesses for the people, and gave emphasis to their official position, from which the jury might have inferred that they stood upon a different plane from other witnesses. It is evident, however, that the learned trial justice did not intend this, and we are of opinion that, if the jury received an erroneous impression therefrom, it was corrected. At the close of the charge, the court further instructed the jury, at the request of counsel for the defendants, that they might disbelieve the testimony of any witness, whether he be called for the people or for the defendants, "either from his demeanor or bearing while on the stand, or from any reason that they may have in mind, without the actual production of evidence to disprove what he says." Counsel for the defendants took an exception to that portion of the charge in which the court stated that police officers are presumed to tell the

truth, and that the jury must believe what they say, unless evidence is produced to the contrary, and thereupon the court, addressing the jury, said:

"I said to you this, gentlemen: That all witnesses are presumed to tell the truth until the contrary is established; that it does not apply only to police officers, but police officers are officers of the law, and the presumption is that officers of the law perform their duty until the contrary be established."

Counsel for the defendant then said:

"I take exception to that point, that every witness is presumed to tell the truth; but my exception is, and this comes within the bearing of my third request to charge, that the police officers' evidence may be doubted, when on the stand, from the demeanor and conduct on the stand, or any other circumstance or fact in the case, and that direct testimony need not be produced to contradict their testimony."

The court then replied as follows:

"That is the law, and, if I misled the counsel into the belief that I charged the jury that a police officer's testimony should be given more weight than that of any other witness, it is unfounded. I desire to charge that all witnesses are presumed to tell the truth until the contrary is established, and the police officers, in their capacity of witnesses here, are presumed to tell the truth, the same as any other witness on the stand."

At the conclusion of this statement by the court, counsel for the defendant said, "Yes; that's just it, sir," to which the court replied, "Yes, the demeanor, the character, the bearing, the weight, and the credibility of all witnesses is entirely a matter for you to determine, gentlemen, on the question of whether you believe them or not," whereupon counsel for the defendant said, "That is entirely satisfactory now, your honor." We are of opinion that the appellants are not now in position to complain of the portions of the charge to which reference has been made. Nor were the appellants prejudiced by the court's expression of opinion that there was such conflict between the testimony of the police officers and of the defendants that both could not be true; for the court, in other portions of the charge, clearly left it to the jury to determine the facts and also the credibility to be attached to the testimony of each witness. The evidence clearly establishes the guilt of the appellants.

It follows, therefore, that the judgment should be affirmed. All concur.