HOWARD C. PARK v. W. P. EXUM ET AL.

(Filed 11 October, 1911.)

**1. Negotiable Instruments—Holder in Due Course.**

In order to establish the position of a holder in due course of a negotiable instrument so as to shut off counterclaims and defense otherwise available, it must be shown that the instrument is complete and regular on its face, and that title thereto was acquired in good faith, for value before maturity, without knowledge or notice of fraud or other impeaching circumstance; and, except when payable to bearer, the indorsement must be proved when it is denied.

**2. Same—Indorsement—Pleadings—Burden of Proof.**

When, in an action upon a negotiable instrument claimed by the plaintiff as an indorsee for value, in due course, without notice of any infirmity of the instrument, the answer denies the validity of the indorsement, the burden is upon the plaintiff to show that the instrument had been indorsed and that otherwise he was a holder in due course, in order to shut off the defense arising on the testimony, that it was procured from the makers by fraud or deceit.

PARK *v.* EXUM.

**3. Same—Evidence—Instruction—Expression of Opinion by the Court—Appeal and Error.**

When the validity of the indorsement of a negotiable instrument sued on by the indorsee is denied by the answer, and the only evidence is that introduced by the plaintiff, which fully states the necessary matters to show that he is a holder in due course, it is correct for the judge to charge the jury to return a verdict for the plaintiff if they find the facts to be as testified to by him; but reversible error for the trial judge to remark in the presence of the jury that if the verdict was for the defendant he would set it aside, for this is an expression of opinion upon the credibility of the evidence forbidden by statute.

APPEAL from *Justice, J.,* at January Special Term, 1911, of LENOIR.

Plaintiff sued, claiming to be indorsee for value and holder in due course of a negotiable note for $500, given by defendants to McLaughlin Bros., in part obligation for purchase price of a stallion. The deposition of plaintiff was introduced, containing full and direct statement that plaintiff bought the note for full value and same was duly indorsed to him by the payees before maturity and without notice of any fraud or other infirmity affecting its validity. The indorsement was denied in the pleadings, and there were also allegations on the part of defendants to the effect that there was a breach of warranty on the part of McLaughlin Bros. in the sale, and further that the sale was procured by false and fraudulent representations on the part of the said vendors, to defendant's damage. The jury, having been impaneled and evidence offered, at the close of the testimony the court intimated that he would charge the jury that if they found the facts to be as testified in the deposition, the plaintiff could recover, to which defendants then and there excepted. Counsel for defendant then stated to the court, "that they took the position that there was sufficient evidence to be found in the testimony to go to the jury on the question as to whether the jury believed the evidence of the plaintiff in the action. The court stated he would not allow a verdict to stand in favor of the defendants," this statement being made in the hearing of the jury, and defendants excepted.

There was verdict for plaintiff for full amount of the note and interest; judgment according to verdict, and defendant excepted and appealed, alleging errors.

*McLean, Varser & McLean and Loftin & Dawson for plaintiff.*

*G. V. Cowper and T. C. Wooten for defendants.*

HOKE, J., after stating the case: Our statute on negotiable instruments, as applied and construed in several recent decisions of the Court, is to the effect that in order to establish the position of holder in due course, when required to shut off counterclaims and defenses otherwise available, it must be shown that the instrument is complete and regular on its face and that title thereto was acquired in good faith and for value before maturity and without knowledge or notice of fraud or other impeaching circumstance, and, except in case of instruments payable to bearer, when the indorsement is denied, the same must be proved. *Myers v. Petty,* 153 N. C., 462; *Mayers v. McRimmon,* 140 N. C., 640; *Tyson v. Joyner,* 139 N. C., 69.

In the present case there was allegation, with evidence on the part of defendant, tending to show that there was a breach of warranty, in the sale, on the part of these vendors.

On a perusal of the entire testimony, we think there was evidence tending to show fraud and deceit on their part, inducing the sale and causing damage, under the principles stated in *Myers v. Petty, supra; Whitehurst v. Insurance Co.,* 149 N. C., 273; *May v. Loomis,* 140 N. C., 350, and cases of like import. The instrument, too, was payable to order and the indorsement was denied in the pleadings, thus putting on plaintiff, in order to shut off the defenses arising on the testimony, the burden of showing that the instrument had been indorsed and that he was otherwise a holder in due course. True, the deposition of plaintiff, introduced on the trial, contains full and direct statement, tending to show that plaintiff was indorsee for value before maturity and in all respects a holder of the note in due course, and it may be that his Honor was right in intimating that he would charge the jury "that if they found the facts to be as

testified to in the deposition there should be a verdict in plaintiff's favor; but in this and every other case, when proof is required to establish a determinative issue, the credibility of the evidence is for the jury, and they must be allowed to consider and pass upon it themselves. We have so held in a case on this very subject, *Bank v. Fountain,* 148 N. C., 590, and a new trial was granted in that case because the court erroneously invaded the province of the jury by telling them that "the *prima facie* case of plaintiff had been restored by the uncontradicted evidence of the president of the bank, etc." The opinion in question quotes with approval from *Bank v. Iron Works,* 159 Mass., 158, as follows: "In an action on a promissory note, which was defended on the ground that the note had been fraudulently put into circulation by the P. L. Co., a Massachusetts corporation, organized for the purpose of 'doing a brokerage business in commercial paper, stocks, bonds, and other property,' from whom the plaintiff company acquired it, the plaintiff's officers testified that the note was taken by them in good faith and for value, before maturity, and the defendant introduced no testimony to contradict these officers: *Held,* that the defendant was entitled, nevertheless, to go to the jury on the question whether the plaintiff took the note for value and without notice of fraud."

Under the conditions stated, therefore, with the controlling issue to be determined, and involving the credibility of plaintiff's testimony, tending to establish it, his Honor had no right to say in the hearing of the jury, "that he would not allow a verdict to stand in favor of defendants." The Court has been always swift to enforce obedience to our law which forbids a presiding judge to express an opinion on the disputed facts of a trial, and under numerous decisions construing the statute, we must hold this remark of his Honor, in the presence of the jury and before verdict, to be reversible error. *S. v. R. R.,* 149 N. C., 508; *Withers v. Lane,* 144 N. C., 184; *S. v. Dixon,* 75 N. C., 275; *Nash v. Morton,* 48 N. C., 3. The expression objected to was undoubtedly an inadvertence. From a long, intimate, and much valued association with his Honor, when

we were at the bar together and from observation of his work as a judicial officer, the writer knows of a certainty that there is no man or judge who places higher estimate on the value of the trial by jury or holds deeper conviction that it should now and always be preserved in its fullest integrity. For the error indicated, defendant is entitled to a new trial, and it is so ordered.

New trial.