STATE v. WALTER HARRIS.

(Filed 4 March, 1914.)

1. Intoxicating Liquors — Sale — Evidence — Trials—Questions for Jury.

On trial for the sale of whiskey in violation of our statute there was testimony by witnesses in behalf of the State: by one, that as he was watching through a crack in a wall upon the opposite side of the street, he saw the defendant give another a

bottle of whiskey, and thought something passed between them, but did not know what it was; that "this was no more than a step" within the open door of a stable; by another, that he saw the defendant receive "some money" from the one to whom he had given the whiskey. The evidence further tended to show that the receipt of the whiskey and the passing of the money was at different times, between 2 and 5 o'clock of the same afternoon. *Held*, sufficient for conviction.

2. Courts—Expression of Opinion—Inferences from Evidence—Witnesses—Failure to Examine—Interpretation of Statutes.

Revisal, sec. 535, forbids the trial judge to express an opinion on the facts involved in the case, at any time, within the hearing of the jury, and this extends to any inference of fact arising from the evidence; and in a criminal prosecution for the sale of intoxicating liquors contrary to our statute, where the one to whom the alleged sale was made has been arrested by the State for the purpose of having his testimony, and he is not introduced as a witness, the prisoner's attorney has a right to comment upon this fact to the jury, as a favorable inference to be drawn by them in favor of his client, and an instruction by the court to disregard this argument is an expression of opinion forbidden by statute.

APPEAL by defendant from *Peebles, J.,* at Fall Term, 1913, of VANCE.

Criminal action tried on appeal from recorder's court. The facts and occurrences of the trial are sufficiently and fairly stated in the case on appeal as follows:

R. M. Saunders testified for the State: "I am chief of police of Henderson. On 23 August of this year I was at Cooper's Warehouse, between the hours of 2 and 5 o'clock, watching through a crack in the wall. I saw the defendant and Ivey together on the street. Harris handed Ivey a bottle of whiskey, and I think I saw something pass between them. I don't know what it was."

Cross-examination: "There was a crowd in the street. Harris and Ivey were on the opposite side of the street from me, and stopped just in the door of a stable. Not more than a step inside. I cannot say that there was any sale, and I don't know that anything was given for the whiskey. Ivey came to me at once, and I got the whiskey from him and then went and got a

warrant for Harris and arrested him right off, and I searched him. He had no whiskey or anything else in his pockets."

Dock Langston, for State, testified: "I was a police officer and at Cooper's Warehouse on the afternoon of 23 August. I was watching from a different place from witness Saunders. I saw Harris and Ivey in the street, some 50 yards from me, and I saw Ivey give Harris some money. Crowd in the street."

Cross-examination: "There was no whiskey passed between them at the time the money was handed Harris. I paid Ivey for the whiskey we took from him. I cannot say that there was any sale."

When the State had produced its evidence and rested, the defendant moved for judgment of nonsuit. The motion was refused, and the defendant excepted. Exception 1.

Defendant introduced no evidence. Upon the argument counsel for defendant urged that no relation was shown between the passing of the whiskey and the giving of the money, and that the acts were not even concurrent, but were shown to have been at different times, between the hours of 2 and 5 in the afternoon, and that the State ought to produce the evidence of Ivey, who knew the facts of the relation if any existed, and who was not hostile to the State, as shown by his giving up the whiskey to the officer and receiving pay from him for same. At the close of the argument his Honor asked if Ivey was summoned as a witness, and was informed by counsel that he was bound over as a witness for the State and had not been called.

His Honor charged the jury that they ought not to consider the failure of the State to produce Ivey; that the defendant might have subpœnaed him if he had wished, and it was as much his duty to give the jury the benefit of this evidence as of the State. To this charge the defendant excepted. Exception 2.

His Honor further charged the jury: "If you shall find the facts that defendant delivered the whiskey to Ivey, and at the time or afterwards Ivey paid the defendant some money, and you shall draw the inference from that that the money was paid for the whiskey beyond a reasonable doubt, you will find the defendant guilty." To this charge the defendant excepted. Exception 3.

There was a verdict of guilty. Motion for a new trial. Motion overruled. Exception. Judgment set out in record. Exception 4.

Defendant excepted and appealed to Supreme Court.

*Attorney-General and T. H. Calvert, Assistant Attorney-General, for the State.*

*Thomas M. Pittman and H. T. Powell for defendant.*

HOKE, J. There were facts in evidence permitting an inference of guilt, and his Honor was correct in submitting the case to the jury. We must hold, however, that there was error in the charge of the court to the effect "That the jury ought not to consider the failure of the State to produce Ivey," etc. It has been held in several cases that a solicitor must be allowed the control and general management of the State's case in a criminal prosecution, and may examine such of the witnesses as he may deem necessary or desirable. *S. v. Lucas,* 124 N. C., 825; *S. v. Jones,* 77 N. C., 520; *S. v. Smallwood,* 75 N. C., 104. But the fact that he fails to examine witnesses, cognizant of the material facts, bound over, as in this instance, for the State and presumably available at the trial, permits an inference of fact favorable to defendant, and the judge is allowed to express no opinion upon it. In one of the cases just cited, *S. v. Smallwood,* the Court holds:

"The solicitor is sole judge as to what witnesses shall be introduced on the part of the State; but it does not follow that the jury cannot consider the omission of the solicitor to introduce a witness, and draw from it any reasonable and natural inference. Therefore, it is error for a judge, on a trial in the Superior Court, to charge the jury that they cannot at all consider such omission."

Our North Carolina statute, Rev., sec. 535, forbidding the judge to express an opinion on the facts involved in a trial before him, applies not only to an opinion in the charge and on the ultimate fact of a defendant's guilt or innocence, but it extends to any expression of opinion by the judge in the hearing of the jury at any time during the trial (*S. v. Cook,* 162 N. C., 586),

and includes any fact in evidence or any legitimate inference of fact arising on the testimony which is material and relevant to the issue. *Withers v. Lane,* 144 N. C., 184; *S. v. Dick,* 60 N. C., 440. In the well considered case of *Withers v. Lane,* 144 N. C., 184, it was held, *Justice Walker* delivering the opinion: "Under Revisal, sec. 535, the trial judge is restricted to plainly and correctly stating the evidence and declaring and explaining the law arising thereon; and when his peculiar emphasis or language, or manner in presenting or arraying the evidence indicates his opinion upon the facts, or conclusions of fact, a *venire de novo* will be ordered." And, in *S. v. Dick, supra,* the Court said: "Any remark made by a judge, on the trial of an issue by a jury, from which the jury may infer what his opinion is, as to the sufficiency or insufficiency of the evidence, or any part of it pertinent to the issue, is error; and the error is not corrected by his telling the jury that it is their exclusive province to determine on the sufficiency or insufficiency of evidence, and that they are not bound by his opinion in regard thereto."

The comments of his Honor, therefore, in reference to the failure of the State to examine the witness Ivey, were in contravention of our statute regulating jury trials, and constituted prejudicial error, entitling the defendant to have his cause tried before another jury.

*Venire de novo.*