MARY IDA SWAIN ET AL. v. DAVIS CLEMMONS ET ALS.

(Filed 18 October, 1916.)

**Courts—Evidence—Intimation of Opinion—Statutes.**

> Where it is material in a controversy over lands to establish the place where a certain swamp joins a certain named run, the evidence being conflicting, and a surveyor, theretofore appointed, had testified and his map put in evidence, tending to sustain the contention of one of the parties, it is reversible error for the trial judge to instruct the jury that they must be guided in their judgment, not from the map, but from the testimony of the surveyor and other witnesses, such being an intimation of opinion by the court upon the weight of the evidence forbidden by the statute. Revisal, sec. 535.

CIVIL ACTION to recover land, tried before *Rountree, J.,* and a jury, at October Special Term, 1915, of BRUNSWICK.

On the issue as to title there was verdict for defendant. Judgment, and plaintiffs excepted and appealed, assigning for error chiefly that the court in its charge expressed an opinion on the value of certain testimony relevant to the issue.

*C. Ed. Taylor for plaintiff.*
*Cranmer & Davis for defendant.*

HOKE, J. On the trial of the issue it became a relevant and material circumstance whether Middle Swamp Run joined with Lockwood's Folly Run above or below an island (the land in dispute).

Plaintiff offered evidence tending to show that the junction took place before it reached the island, and the map of the surveyor, made by order of court and in evidence, showed this to be the fact.

The defendants' evidence tended to show that Middle Swamp Run joined Lockwood's Folly Run below the island, and this was a very much disputed question between the parties.

His Honor, after referring very fully to the respective positions, among other things, charged the jury as follows: "Now, I was about

SWAIN *v.* CLEMMONS.

MAP SHOWING LAND IN SUIT
MARY. IDA SWAIN *vs.* DAVIS. CLEMMONS *et al.*
SOLID LINES SURVEYED
DOTTED LINES APPROXIMATED
SCALE OF MAP. 400 FT. = 1 INCH.
SCALE OF THE RUNS AROUND THE ISLAND 200 FT. = 1 INCH
AVERAGE WIDTH OF NORTH RUN   22½ FT.
" DEPTH " " " 2¼ FT.
" WIDTH " SOUTH " 18 FT.
" DEPTH " " " 1½ FT.
3°30' VARIATION WAS USED IN LINES RUN
1915    E. W. Taylor

to overlook the fact that some of the testimony, which you ought to be satisfied with, shows that the Middle Swamp's Run really doesn't run into Lockwood's Folly until it gets around the island. They say that is so, and they say that the map of the surveyor is not necessarily correct. You must be guided in your judgment, not from the map, but from what the surveyor says and what all the other witnesses say." Plaintiff excepted.

After giving the matter full consideration, and in view of the fact that this was on a phase of the evidence which had become very material to the issue, the Court is of opinion that the portion of the charge objected to is in violation of the statute, Revisal, sec. 535, that "No judge, in giving his charge to the petit jury, either in a civil or criminal action, shall give an opinion whether a fact is fully or sufficiently proved, such matter being the true office and province of the jury."

Even if the comment as to the parol testimony of the witnesses should be held an inadvertence, sufficiently corrected by what immediately follows and tending to show that the judge was only giving the defendant's estimate of the testimony and not his own, the closing portion of the charge as to the map was clearly an adverse intimation on the weight the jury should attach to it. The map was in evidence as an official survey by order of court in the cause, and it was for the jury to determine what effect they would give it, and uninfluenced by any intimation from the court. A reference to our decisions on the subject will show that this Court has been very insistent on the requirement of the statute, and that an expression of opinion on the part of the trial judge is forbidden not only in the charge, but at any time during the trial, in the hearing of the jury. *S. v. Cook,* 162 N. C., pp. 586, 588; *Park v. Exum,* 156 N. C., 228; *Withers v. Lane,* 144 N. C., 184.

We think that the portion of the charge objected to must be held for reversible error, and that there should be a new trial of the cause.

New trial.