## STATE v. SHEPARD ROGERS.

(Filed 28 March, 1917.)

**Appeal and Error—Courts—Expression of Opinion.**

> A remark to a defendant by the trial judge, when testifying in his own behalf under indictment for cruelty to animals, to answer the questions asked him concisely, "and not be dodging," is an expression of opinion

on the credibility of the evidence, forbidden by the statute, and constitutes reversible error, though the judge withdraws the remark, and endeavors to eradicate the impression made by it.

CRIMINAL ACTION, before *Bond, J.,* at September Term, 1916, of WAKE. Defendant appealed.

*Attorney-General Manning and Assistant Attorney-General Sykes for the State.*
*R. N. Simms, J. G. Mills, Armistead Jones & Son for defendant.*

WALKER, J. Indictment for cruelty to animals, two mules, the property of Samuel Rogers. We are compelled to grant a new trial because of a remark of the judge to the defendant while testifying as a witness for himself. The cruelty alleged was in not feeding the mules properly or sufficiently. On cross-examination of the defendant he was directed by the court to answer the questions concisely, "and not be dodging," and defendant excepted to the use of the words, "and not be dodging." The judge then, and afterwards in his charge, explained to the jury that he did not intend to reflect upon the witness, and if he used the word "dodging," that they should not consider it. The judge further stated that "The witness had been cautioned before to make direct answers to the solicitor's questions instead of making a detailed statement about matters not responsive to the questions, and remarked that the court could not take a whole week to try this case, and then asked the witness to listen to the questions and give direct answers to them, if he could." The defendant again excepted. The court also told the jury that when he used the word "dodging" he meant no reflection upon the witness, but he spoke to him as he did because, "instead of answering the question, he was talking about something else." Defendant again excepted.

The use of the word, especially when it was addressed by the court to the witness while testifying for himself, was calculated, though not intended, to seriously disparage him, and in its usual and ordinary meaning, even though used or intended in a different sense, was a reflection upon him. It clearly implied that he was trying to evade telling the truth, if it did not, in its correct sense and as popularly understood, mean more. The learned judge, always fair and just in his rulings and conduct of a case, did all that could possibly be done, after using the word, to undo, or neutralize, the harm that it caused to the defendant, and if the case turned upon the explanation alone, we would not hesitate to overrule the exception, for it was explicit and ample, provided it was something that could be explained away or retracted. But we do not think it was of that character. It is difficult, if not impossible, to re-

move the prejudice created by such a remark from the bench. It obviously impeached the witness, as it imputed that he was trying not to tell the truth, if he could help it, or, in other words, that he was "dodging" the truth, which would be strong evidence of his guilt, because if he was innocent the truth could not hurt him. The impression thus made on the jury against the defendant could not be eradicated by any explanation, or even a withdrawal of the word. In *S. v. Cook,* 162 N. C., 586, indictment for murder, the expression of the judge was: "What difference does it make if Pittman was advancing on him with a stick? That would not give him the right to kill Ben Coley." This was held to be an expression of opinion, under the statute, and that it could not well be recalled so as to remove the prejudice caused by it. The court then said: "While the statute refers in terms to the charge, it has always been the accepted construction that it applies to any such expression of opinion by the judge in the hearing of the jury at any time during the trial. Pell's Revisal, sec. 535; *Park v. Exum,* 156 N. C., 228; *Withers v. Lane,* 144 N. C., 184; *S. v. Dick,* 60 N. C., 440. The learned and usually careful judge was evidently conscious that he had probably, and by inadvertence, prejudiced the prisoner's case, for he added: 'But the court has no right, nor has it the inclination, to express an opinion about the case'; but the forbidden impression had already been made, and as to the vital portion of prisoner's plea, and on authority, the attempted correction by his Honor must be held inefficient for the purpose." *S. v. Dick, supra; S. v. Caveness,* 78 N. C., 484. In *S. v. Dick* the Court held: "Any remark made by a judge, on the trial of an issue by a jury, from which the jury may infer what his opinion is as to the sufficiency or insufficiency of the evidence or any part of it pertinent to the issue, is error, and the error is not corrected by his telling the jury that it is their exclusive province to determine on the sufficiency or the insufficiency of evidence, and that they are not bound by his opinion in regard thereto." We said in *Withers v. Lane,* 144 N. C., 184, regarding an intimation of opinion by the judge upon the evidence adverse to one of the parties: "This may be done by the manner or peculiar emphasis or by so arraying and presenting the evidence as to give one of the parties an undue advantage over the other; or, again, the same result will follow the use of language or a form of expression calculated to impair the credit which might otherwise and under normal conditions be given by the jury to the testimony of one of the parties. *S. v. Dancy,* 78 N. C., 437; *S. v. Jones,* 67 N. C., 285. It can make no difference in what way the opinion of the judge is conveyed to the jury, whether directly or indirectly. The statute forbids an intimation of opinion in any and every form, the intent of the law being that each of the parties shall have an equal and a fair chance before

the jury." And *Judge Nash,* construing the statute, in *Nash v. Morton,* 48 N. C., 3, said: "We all know how earnestly, in general, juries seek to ascertain the opinion of the judge who is trying a cause upon the controverted facts, and how willing they are to shift their responsibility from themselves to the court. The governing object of the act was to guard against such results and to throw upon the jurors themselves the responsibility of responding to the facts of the case. Nor is it proper for a judge to lead the jury to their conclusion on the facts."

The general result is that the defendant has been made to carry a greater burden during the trial than the law imposed upon him. As again said in the *Withers case*: "The books disclose the fact that able and upright judges have sometimes overstepped the limit fixed by the law; but as often as it has been done this Court has enforced the injunction of the statute and restored the injured party to the fair and equal opportunity before the jury which had been lost by reason of the transgression, however innocent it may have been; and we must do as our predecessors have done in like cases. Our view that the charge violated the statute is sustained by the cases already cited, to which the following may be added: *S. v. Bailey,* 60 N. C., 137; *S. v. Thomas,* 29 N. C., 381; *S. v. Presley,* 35 N. C., 494; *S. v. Rogers,* 93 N. C., 525; *S. v. Dick,* 60 N. C., 440; *Reel v. Reel,* 9 N. C., 63; *Reiger v. Davis,* 67 N. C., 185; *S. v. Davis,* 15 N. C., 612; *Sprinkle v. Martin,* 71 N. C., 411; *Powell v. R. R.,* 68 N. C., 395."

The error is one of the unguarded slips, or casualties, which may happen to the fairest, most impartial, and most circumspect in the progress of a trial on the circuit "When once committed, however," said *Judge Manly,* "it is irrevocable, and the prisoner was entitled to have his case tried by another jury." *S. v. Dick, supra.* *Chief Justice Taylor* used similar language in *Reel v. Reel, supra*: "We are not unaware," said that able and learned judge, "of the difficulty of concealing all indication of the conviction wrought on the human mind throughout a long and complicated cause; but the law has spoken, and we must obey." It may be that all prejudice was removed from the jury box by the judge's full and careful explanation, but we cannot know that this is true. It is not because we are sure that harm was actually done, and continued to have its effect upon the jury even after the caution given by the judge, but it is because it may have prejudiced the defendant, that another trial is ordered. We commend the earnest effort of the judge to eradicate the harmful word, which we know was accidentally and unintentionally used without at the time realizing its meaning or injurious effect.

New trial.